(Name) **Gregory Lee Gray**

(Address) **H.D.S.P., B-2-213**
**P.O. BOX 3030**

(City, State, Zip) **SUSANVILLE, CA 96127**

(CDC Inmate No.) **J05459**



FILED

2008 JUN 26 PM 3:31

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# United States District Court
## Southern District of California

Gregory Lee Gray ,
(Enter full name of plaintiff in this action.)

Plaintiff,

v.
John Doe Head Director of CDCR Calif-
ornia Dept. Of Corrections And Rehabi-
litation, Warden Mr.Robert Hernandez,
Captain E.Marrero, Ms.K.Sterling L.T.A.
And the Senior Law Librarian A.R.
Peterson, all employees of CDCR at R.J.
_____
(Enter full name of each defendant in this action.)
Donovan Correctional          Defendant(s).
Facility, et al.,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**'08 CV 1147 JM LSP**

Civil Case No. _____
(To be supplied by Court Clerk)

Complaint Under the
Civil Rights Act
42 U.S.C. § 1983

### A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

### B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, **Gregory Lee Gray,** of
(print Plaintiff's name)
**R.J.Donovan Corr.Facility** who presently resides at **High Desert State Prison**
(mailing address or place of confinement)
**in Susanville, California** , were violated by the actions
of the below named individuals. The actions were directed against Plaintiff at **R.J. Donovan**
**Correctional Facility** on (dates) **6-18-2007** , and
(institution/place where violation occurred)        (Count 1)        (Count 2)        (Count 3)

2. Defendants: (Attach same information on additional pages if you are naming more than 4 defendants.)

§ 1983 SD Form
(Rev. 5/98)

::ODMA\PCDOCS\WORDPERFECT\22834\1

Defendant John Doe      resides in Sacramento,California
         (name)                           (County of residence)
and is employed as a Director of CDCR        . This defendant is sued in
                     (defendant's position/title (if any))

his/her [X] individual [X] official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: John Doe, the Head Director of CDCR California Dept. Of Corrections And Rehabilitation, is responsible for his employees actions under color of state law, for placing the Plaintiff in the "Hole" Administrative Segregation on "False" charges of Unlawful/Extortion at R.J. Donovan Correctional Facility.

Defendant Mr.Robert Hernandez      resides in San Diego,California
         (name)                           (County of residence)
and is employed as a Warden at R.J.Donovan Prison. This defendant is sued in
                     (defendant's position/title (if any))

his/her [X] individual [X] official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: Warden Mr.Robert Hernandez, Warden at R.J. Donovan Correctional Facility and employee of CDCR, was responsible for his Co-Workers and employees actions, for placing the Plaintiff in the "Hole" (Ad-Seg), on "False" charges of Unlawful/Extortion and the Plaintiff was found innocent.

Defendant Captain E.Marrero      resides in San Diego,California
         (name)                           (County of residence)
and is employed as a Captain of Facility 3 Yard. . This defendant is sued in
                     (defendant's position/title (if any))

his/her [X] individual [X] official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: Captain E.Marrero of R.J. Donovan Correctional Facility 3 Yard, was responsible for all program activity on Facility 3 Yard, and was responsible for helping the other said defendants place the Plaintiff in the "Hole" (Ad-Seg), on "False" charges of Unlawful/Extortion and the Plaintiff was found innocent.

Defendant Ms.K.Sterling      resides in San Diego,California
         (name)                           (County of residence)
and is employed as a L.T.A. of R.J.Donovan Prison. This defendant is sued in
                     (defendant's position/title (if any))

his/her [X] individual [X] official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: Ms.K.Sterling Library Technical Assistant of R.J. Donovan Correctional Facility 3 Yard and employee of CDCR, is responsible for charging the Plaintiff with "False" charges of Unlawful/Extortion and placing him in the "Hole" (Ad-Seg).

Defendant A.R. Peterson      resides in San Diego,California

and is employed as a Senior Law Librarian     . This defendant is

sued in his/her [X ]individual [X ]official capacity. Explain how

this defendant was acting under color of state law: A.R. Peterson is also guilty of placing "False" charges of Unlawful/Extortion on the Plaintiff and she is an employee of CDCR, SO she acted under color of state law.

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: My First Amendment Right, My 6th Amendment Right, My 14th Amendment (E.g., right to medical care, access to courts, Right, and My Eighth Amendment Rights were violated.

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

All the above defendants are guilty for placing the plaintiff in the "Hole" (Ad-Seg), on "False" charges of Unlawful/Extortion.

On January 22, 2007, i the plaintiff, filed a 602 complaint on the above defendants, Warden Robert Hernandez, Captain E. Marrero, L.T.A. Ms. K. Sterling, and the Senior Law Librarian A.R. Peterson, for not providing me with adequate access to the law library facility or Access to the Courts at R.J. Donovan Correctional facility.

I then exhausted all my administrative remedies on the issue and was still not Granted Adequate Access to the library or the Courts. I then got me a Small Claims Civil Suit form and began my process in filing a civil suit.

I tryed to resolve the issue on an Inmate Request For Interview Form by asking Ms. K. Sterling the following on June 16, 2007: "You are being sued in court for the sum of $1,666.20, for denying the right for me to have "General Law Library Usage" and for not providing me legal materials to file on a court deadline issued by the U.S. Supreme Court ruling in the case California V. Cunningham, denied me meaningful access to courts. Which denied me my rights under the 6th and 14th Amendment right to have representation. I'm willing to settle if you pay me the sum of $200 dollars, and "No" Restitution is taken out of my account."

This same day, June 16, 2007, she read it and asked me to sign it and on June 18, 2007, as i was coming home from work PIA Laundry, i was told by an inmate and an officer that i had to pack my property because your going to the "Hole" (Ad-Seg), for Unlawful/Extortion.

Also, i sent the same Inmate request for Interview to the other defendant A.R. Peterson stating the same thing, asking her to settle for $200 dollars before i file my law suit in the small claims court for denying me access to the law library and to the courts, and i was charged again with Unlawful/Extortion.

So, when i went to the "Hole" (Ad-Seg), Captain E. Marrero (Who is one of the defendants in the small claim suit) he read me the 114-D lock-up order and placed me in Ad-Seg, in which he was trying to stop me from filing my small claims law suit.

So, i stayed in the "Hole" 67 to 68 days in "Bad Living Conditions" and i got sick from the food and the doctors denied to even see me, let alone, give me medical care. (See Exhibit "E" of my Pain & Suffering Chart).

After it was all said and done i was found "Innocent" of all charges, because according to the Small Claims SC-100 Form, I'm allowed to try and settle my case "Before" i even file the law suit which is what i did. I filed it on August 16, 2007.

<u>Count 2</u>:  The following civil right has been violated:  _____

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

 <u>Supporting Facts</u>:   [Include all facts you consider important to Count 2.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

<u>Count 3</u>:  The following civil right has been violated:  _____

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:    [Include all facts you consider important to Count 3.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

**D.  Previous Lawsuits and Administrative Relief**

1.  Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case?  ☒ Yes ☐ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: Mr.Gregory Lee Gray Jo5459

Defendants: Warden R.Hernandez,Captain E.Marrero,Ms.K.Sterling & A.R.Peterson, all of R.J.Donovan Corr.Facility.
(b) Name of the court and docket number: #37-2007-00014605-SC-SC-SC.

in the San Diego Superior Court Small Claims Division.

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] It got dismissed

for failure to appear,because the H.D.S.P.Staff stopped me from having my Civil Trial Hearing held.
(d) Issues raised:

Failure for R.J. Donovan's facility staff to provide me with

an Adequate Law Library Facility and Access to the Courts.

(e) Approximate date case was filed: August 16,2007.

(f) Approximate date of disposition: January 8,2007.

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.   If your answer is "No", briefly explain why administrative relief was not sought.
        I filed my 602 complaint on the above defendants at R.J. Do-novan Corr.Facility on 8-20-2007, for First-Level response and i "Never" received a response. I stated in the 602 the following: "This 602 complaint is against R.Hernandez Warden of RJDCF,CDC Director of Calif. Department of Corrections, E.Marrero Captain of facility III yard, Ms.K.Sterling(L.T.A.) Library Technical Assistant, and Ms.A.R.Peterson SR. Librarian both of facility III yard, for filing "False" CDC violation charges of CCR §3013, saying that "i" the "Plaintiff" tried to "Unlawful Influence/ Extortion" monies from the above defendants in this action. (And i had more Attached on back of 602 See Exhibit "D").
        I never received a response on the C Informal-Level, I never received a response on the D Formal-Level, I never received a response on the F Second-Level of review, and "Finally" i received the Second-Level response 40 days late, and 10 days "late" on "Bypass" Procedure and all of the other level's of review were all "Bypassed" and also "late" on Bypass Procedure as i received it on January 8,2008.
        Also, i filed my Third-Level of review on January 9,2008, the very next day, because i don't waist any time, they are "Late," in their response.

6

::ODMA\PCDOCS\WORDPERFECT\22834\1

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

      1. An injunction preventing defendant(s): **Plaintiff is requesting that all the above defendants involved in this matter "Transfer" him back to Mule Creek State Prison and have Mr.Gregory L. Gray "Immediately" placed in the PIA Industry work site "Effective" "Immediately." Because he was found "Innocent" of "False" charges of Unlawful Influence/Extortion, and the defendants retaliated by Transferring him all the way to High Desert State Prison.**

2. Damages in the sum of $ **Actual Damages: $4,595.00.**

3. Punitive damages in the sum of $ **Punitive: $150,000.00.**

4. Other: **Compensatory Damages: $150,000.00.**


**F. Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury ☐ Court.  (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

| ☐ Plaintiff consents to magistrate judge jurisdiction as set forth above. | **OR** | ☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case. |

I declare under the penalty of perjury that the foregoing is true and correct.

_6-22-2008_
Date

_Gregory Lee Gray_
Signature of Plaintiff

IN THE U.S. DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA


GREGORY LEE GRAY,                           CASE NO._____
            PLAINTIFF,



V.

JOHN DOE HEAD DIRECTOR OF
CDCR CALIFORNIA DEPT. OF
CORRECTIONS AND REHABILITATION,
WARDEN MR.ROBERT HERNANDEZ OF
R.J. DONOVAN CORRECTIONAL             CIVIL COMPLAINT.
FACILITY, CAPTAIN E.MARRERO OF
FACILITY 3 YARD, MS.K.STERLING
L.T.A. OF FACILITY 3 YARD,
SENIOR LAW LIBRARIAN A.R.
PETERSON OF FACILITY 3 YARD ALL
EMPLOYEES OF CDCR AT R.J. DONOVAN
CORRECTIONAL FACILITY,
_____et al., DEFENDANTS._____/

## TABLE OF CONTENTS

|  |  |
|---|---|
| | PAGE |
| JURISDICTION | 2. |
| PARTIES TO THE ACTION | 2,3. |
| FACTS (AND ARGUMENT OF GENERAL ALLEGATIONS) | 3 THRU 9. |
| EXHAUSTION OF ADMINISTRATIVE REMEDIES | 9 THRU 11. |
| ACTUAL DAMAGES | 11. |
| COMPENSATORY DAMAGES | 11 THRU 12. |
| PUNITIVE DAMAGES | 12. |
| INJUNCTIVE RELIEF | 12 THRU 13. |
| PRAYER FOR RELIEF | 13. |

## I. JURISDICTION

1. This is a civil action authorized by 42 U.S.C., Section 1983, and 28 U.S.C., Section 1331, to redress the deprivations, under color of state law, of rights secured by the Constitution of the United States. This Court has jurisdiction under 28 U.S.C., Section 1343, and all pendent law. Plaintiff seeks some relief, monetary, punitive damages, compensatory damages, and injunctive relief.

2. The plaintiff is filing this civil action in the United States District Southern District Of California, is the appropriate venue under 28 U.S.C. Section 1391(b)(2), because it is where the events giving rise to the claim occurred.

## II. PLAINTIFF

3. Plaintiff, Mr.Gregory Lee Gray is and was at all times mentioned herein a prisoner of the state of California in the custody of the California Department Of Corrections And Rehabilitations at R.J. Donovan Correctional Facility where the above events took place. Plaintiff is now currently confined at High Desert State Prison in Susanville,California.

## III. DEFENDANTS

4. Defendant, John Doe the head director of CDCR California Department Of Corrections And Rehabilitations for the state of California. He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including R.J. Donovan Correctional Facility.

5. Defendant, Warden Robert Hernandez of R.J. Donovan Correctional Facility who is the acting Warden, his violations and actions were illegal and unjust as he is the Warden legally responsible for the operation of R.J. Donovan Correctional Facility, and for the welfare of all the inmates of that prison.

6. Defendant, Captain E.Marrero were unjust and illegal, as he is responsible for all program activity on facility 3 yard at R.J. Donovan Correctional Facility, who is an officer and captain for CDCR of the state of California.

7. Defendant Ms.K.Sterling and her violations and actions were unjust and illegal as she is the L.T.A., Library Technical Assistant who provides Law Library to the inmates on facility 3 yard at R.J. Donovan.

8. Defendant, A.R. Peterson and her violations were unjust and illegal as at this present time she is the Senior Law Librarian at R.J. Donovan Correctional facility and facility 3 yard who is responsible for all Law Library opera-

tions and as an employee of CDCR in the state of California.

## IV. FACTS

9. On January 22,2007, I the plaintiff filed a 602 complaint against the Warden Robert Hernandez, the Captain E.Marrero of facility 3 yard and the L.T.A. Ms.K.Sterling Library Technical Assistant and the head supervisor and Senior Law Librarian of facility 3 yard A.R.Peterson for not providing me with an adequate law library facility and Access to the Courts. Also a Board of Government Claims was filed and all my Administrative Remedies were Exhausted.
(See Exhibit "D" and Exhibit "F" of this complaint).

10. Now i was ready to file my Small Claims suit on the above defendants and i started by asking the 2 defendants Ms.K.Sterling L.T.A. of facility 3 yard and A.R.Peterson Senior Librarian of facility 3 yard, by stating to each defendant on an Inmate Request For Interview saying: "You are being sued in court for the sum of: $1,666.20, for denying the right for me to have "General Law Library Usage" and for not providing me legal materials to file on a court deadline issued by the U.S. Supreme court ruling in the case California V. Cunningham, denied me meaningful access to courts. Which denied me my rights under the 6th and 14th Amendment right to have representation. I'm willing to settle if you pay me the sum of $200 dollars, and "No" Restitution is taken out of my account.

11. On June 16,2007, at 1025 hours, i the plaintiff took the Inmate Request For Interview to Ms.K.Sterling the L.T.A., she read it and it stated (the above) that i'm willing to settle for the sum of $200 dollars and that no restitution be taken out of my account or i will be taking her to small claims court for violating my 6th Amendment and 14th Amendment right to have Access to the Courts and to Represent myself.

12. On June 18,2007, while coming back from work in PIA Laundry, an inmate and an officer told me to "Pack my Property" because i was being sent to the "Hole" (Ad-Seg). So i was escorted to Administrative Segregation.

13. When i got to the "Hole" (Ad-Seg), facility 2 yard, 7 building Captain E.Marrero read me the CDC 114 which stated the following charges on June 18, 2007, at 1750 hours, "You inmate Gray Jo5459, F3-11-239, are being placed in Administrative Segregation Unit (ASU) based on the following reason(s): On the above mentioned date you, inmate Gray, verbally and in writing,  Attempting to Extort $200.00 from Ms.Sterling as a settlement for your having been denied of your library rights. Therefore, you are deemed a threat to the safety and security of the institution. You will remain in ASU pending further investiga-

tion and/or Administrative Review for appropriate program/house needs.
(See Exhibit "A" of CDC 114-D, Reason(s) For Placement).

14. After i was read those charges i then received another CCR §3013 (RVR)
Rules Violation Report dated June 28,2007, stating that i was being charged for
the same thing again Attempting to Extort the Senior Law Librarian Ms.A.R.Pe-
terson, and Ms.Peterson stated in this CCR §3013 Rule Violation Report "That on
6-28-2007, at approximately 1200 hours, while performing my duties as a Senior
Law Librarian, inmate Gray Jo5459, F3-11-249U, sent me an Inmate Request For
Interview Via institutional mail. Inmate Gray stated that i was being sued in
court for the sum of $1,666.20, for not providing him legal materials to file
on a court deadline. In addition inmate Gray states he is willing to settle if
i pay him the sum of of $200.00 dollars and no restitution is taken out of my
account. Inmate Gray did not have an approved and verified court deadline. In
fact, he has never applied for priority use of the library since his arrival at
R.J.D.C.F., due to the fact that inmate Gray sent me a threatening letter to
Extort financially from me in an unlawful manner his threats common knowledge
throughout the yard, i'am concerned for my safety and security.
(See Exhibit "A" of CCR §3013 Rules Violation Report).

15. So the library technical assistant Ms.K.Sterling said that i was a threat
to her and that i threatened her and that she's concerned for her safety and
security. Also, the Senior law librarian Ms.A.R.Peterson stated the exact same
words saying that she is concerned for her safety and security. This is your
Evidence of "Retaliation" by the defendants in this action, because the only
way that they could stop the law suit, was to state that they "feared" for their
safety and once the Captain of facility 3 yard placed me in the "Hole" Ad-Seg,
they would not have to worry about me filing a law suit. Well as a result,
that's what Captain E.Marrero did, he placed me in the "Hole" Administrative
Segregation, and he knew that he was being sued "Also" for the same claim of
denying me my rights to the law library, so he read the charges of the CDC 114-D
Lock-Up Order and placed me in the "Hole" Ad-Seg.

16. Finally, i was given an I.E., Investigative Reporter, who did a good job
of getting all the statements from all the witnesses and from both of the defen-
dants. Correctional Officer Mr.M.Davis and Correctional Officer Mr.O'Shelland,
completed the investigative report.
(See Exhibit "B" of Rules Violation-Part C).

17. After all was said and done, i was interviewed and given an Evidence
Hearing by R.J. Donovan Correctional Lieutenant R.J.Shelar and after i told him

that i was allowed by right of the Small Claims SC-100 Form to try and settle my case before i go to trial and i showed him the form and the rules and after he made his determination on the Preponderance of the Evidence, and i Mr.Gray, the Plaintiff, was found "Innocent" of all charges of Rules Violation CCR §3013 and Unlawful Influence/Extortion were Dismissed.
(See Exhibit "C" of the Lieutenants Dismissal of Charges).

18. The Retaliation by the two defendants who "Lied" about their lifes being "Threatened," Ms.K.Sterling and Ms.A.R.Peterson both of facility 3 yard law library, were both conspiring to get me, the plaintiff off the yard so i would not file the small claims law suit. However, i filed my small claims law suit in the "Hole" (Ad-Seg) on August 16,2007, it was filed by the San Diego Super- ior Court Clerk Case Number #37-2007-00014605-SC-SC-SC. Which all 3 defendants did not want this to happen, Captain E.Marrero, L.T.A. Ms.K.Sterling, and the Senior law librarian Ms.A.R.Peterson, whom all 3 tried "very hard" to stop me from filing the law suit by placing me in the "HOLE" (Ad-Seg), and as a result, i the plaintiff suffered 67 to 68 days in the "HOLE."
(See Exhibit "E" of my Pain & Suffering Chart).

19. The connection is "Clear" between the above 3 defendants, and it other- wise display's the following:

The Plaintiff Mr.Gray was deprived of his First Amendment Constitutional rights because: (1) The Speech or Conduct at issue was protected,
        (2) The defendants took an "Adverse Action" against the
             Plaintiff, and;
        (3) There is a Causal Connection between the protected
             Speech and the Adverse Action.

Since filing grievances is a constitutionally protected right, then the plaintiff meets that Prong of the test. At 353, Quoting Dawes V. Walker: "Only Retaliatory Conduct that would deter a similar situationed individual of ordi- nary "Firmness" from exercising his or her constitutional rights constitutes an Adverse Action for a claim of Retaliation."

20. The plaintiff has suffered more than "Mental Torture" or loosing his First Amendment rights, he has lost his PIA Industry Laundry job at R.J. Donovan Correctional Facility, this was an "Actual Injury" and Actual Damages suffered by the plaintiff Mr.Gray within this Civil Complaint and/or Civil Action against the defendants, and the plaintiff was earning 45¢ Cents an hour at 8 hours a day, which comes out to be $76.60 dollars a month, and $919.00 dollars a year, which further proves an 8th Amendment of my Constitutional rights violation and

otherwise is Cruel And Unusual Punishment to the plaintiff in this action and the defendants all are employees of CDCR and they all committed these "Acts" Under Color Of State Law in their Individual and Official Capacity's.

21. The Plaintiff's Pain & Suffering Chart shows in Exhibit "E" of this complaint, that Mr.Gray did in fact suffer some housing needs as a result of being placed in the "Hole" (Ad-Seg). On June 18,2007, i was taken to Ad-Seg (The Hole), As a result on June 19,2007, i loss my PIA Industry Laundry Job, On June 27,2007, i went to ICC Committee, On July 7,2007, i was appointed an I.E. Investigative Reporter C/O Davis, On June 28,2007, i received a 115 for Unlawful/Extortion, On July 23, i realized that this was an unhealthy enviornment, On July 24,2007, the officers became "lazy" and on a continuous basis would barely sterilize the Food Serving Area and they put Dirty Clothes on the Food Table, On July 25,2007, no Doctors came by or came around to ask about the terrible Food that made our stomachs sick, On July 29,2007, i was found "innocent" of all charges, On July 30,2007, i was "Crying in Tears" to myself because i was Mentally Suffering Badly, On August 2,2007, i realized i had just got a 45¢ Cent an hour raise on my PIA Industry Laundry Job before they put me in the "Hole," On August 1o,2007, everytime i asked to see the Doctors the officers just ignored me, On August 11, 2007, the Doctor's were ignoring the inmates, On August 12,2007, i'm asking for a Doctor but no Doctor would see me, On August 13,2007, the officers are Harrassing inmates, On August 14,2007, the Food is Terrible, On August 19,2007, To August 21,2007, i Suffered a "Lot" of Mental Stress, On either August 22,2007, or August 23, or August 24,2007, i was released from Ad-Seg the "Hole" and i spent a total of 67 or 68 "Tortuous" days of "Pain & Suffering" that i had to endure while in Ad-Seg the "Hole."
(See Exhibit "E" of the Pain & Suffering Chart).

22. The above violations show that the Plaintiff Mr.Gray in this cause of action, not only Suffered the Loss of his PIA Industry Laundry Job, but as a result, Suffered a "Basic Human Need" such as, Healthy Food and Living Conditions and a "Lack" of Medical Care and/or Attention. Meaning, this whole thing of events has resulted in an Eighth Amendment Constitutional violation of Cruel And Unusual Punishment. See Wilson, 501 U.S. at 302-03; Rhodes V. Chapman, 452 U.S. 337, 347(1981), A Prison Official is Deliberately Indifferent when he knows of and "Disregards" a risk of injury or harm that "is not one that today's society chooses to tolerate." See Helling V. McKinney, 509 U.S. 25, 35(1993); Farmer V. Brennan, 511 U.S. 825, 837(1994). The defendants in this above cause of action against Mr.Gray, "Acted" Under Color Of State Law and/or otherwise in each of their Individual and Official Capacity's.

23. Further, after being released from Ad-Seg the "Hole" while awaiting my Small Claims Civil suit against the defendants in the San Diego Superior Court, the Captain of facility 3 yard Mr.E.Marrero put me up for Transfer to Mule Creek State Prison knowing i had a Small Claims law suit against him and the other said defendants. The defendant Captain E.Marrero along with the other defendants and the Warden Mr.Robert Hernandez, "Punished" me for doing somthing that i the Plaintiff, had a Constitutional Right to do. So again, the following conduct by the defendants does apply:

> (1) I was Punished for doing something i had a constitutional right to do, which is called "Protected Conduct" which is Filing a Small Claims law suit against the above defendants;
>
> (2) Knowing what they did to me, was an "Adverse Action" Bad Enough to Stop me from continuing with my law suit; And
>
> (3) There is a "Causal Connection" between what Captain E. Marrero did by reading the 114-D Lock-Up Order to me and then after that bring "Charges" against me, place me in the "Hole" and then after im released from the "Hole" he puts me up for "Transfer" knowing i had a Small Claims suit against him and the defendants.

So what Captain E.Marrero did along with the other defendants involved was clearly unconstitutional and created a "Liberty Interest" in this cause of action and is otherwise Cruel And Unusual Punishment under the 8th Amendment of the United States Constitution. See Williams V. Meese, 926 F.2d 994, 998(10th Cir.1991), Showing a claim stated when Prisoner alleged that to be denied a particular job assignment and Transferred to another job in Retaliation for filing an Administrative Grievance and Civil Rights Complaint; Also, in Wildberger V. Bracknell, 869 F.2d 1467, 1468(11th Cir.1989), Showing a claim stated when a Prisoner alleged that Prison Officials placed him in Disciplinary Segregation in Retaliation for filing Grievances.

Well the defendants into this above cause of action "Acted" Under Color Of State Law and/or otherwise in each of their Individual and Official Capacity's.

24. In Exhibit "D" of this complaint, i filed a 602 Grievance Complaint against the above defendants alleging that they had committed the following crimes and violations against me the Plaintiff: (1) That i was being charged "Falsely" with Unlawful/Extortion RVR and CCR §3013 of the Title 15; (2) That the defendants are guilty of False Imprisonment; (3) That defendants are guilty of Felony Maliciuous Mischief; (4) Also they are guilty of Defamation of Character; (5) They

are guilty of Kidnapp; (6) They are in violation of Employee Conduct CDCR §3391 (a) Thru (d); And (7) They made me loose my PIA Industry Laundry job behind "False" charges in which i stayed 67 to 68 days in the "Hole" Ad-Seg for nothing.

25. This is a clear violation of plaintiff Mr.Gray's Due Process Clause of the Fourteenth Amendment of the United States Constitutional rights which Prohibits a state from depriving "Any Person of Life, Liberty or Property without Due Process of Law." Thus, violating "Any" "Liberty Interest" that the plaintiff had in regards to him being a Role-Model Prisoner, who Programs and does not cause trouble or violence. The defendants actions by placing the plaintiff Mr.Gray in Ad-Seg the "Hole" and Transferring him to another prison all because he filed a Small Claims law suit, was "Atypical" and not "Ordinary" to regular prison life and Mr.Gray was treated "Harsher" than any other prisoner at R.J. Donovan Correctional Facility. See Sandin V. Conner, 515 U.S. 472(1995). (See Exhibit "D" of the 602 Complaint Filed, Front & Back Pages).

26. Further, the adverse action by the defendants in this action, by trying to "Stop" him from filing his Small Claims civil action in the San Diego Superior Court, which is in Exhibit "G" of this Complaint, "Did Not" achieve or advance a Legitimate Penological goal in what they were trying to do to the Plaintiff Mr.Gray. See Rhodes V. Robinson, 408 F.3d 559, 567-68(9th Cir.2005); Rizzo V. Dawson, 778 F.2d 527, 531-32(9th Cir.1985). (See Exhibit "G" of the Small Claims Civil Suit That Was Filed).

27. The Warden Mr.Robert Hernandez's involvment in this above cause of action, is he knew or reasonably should have known that, what the defendants did and were doing was "illegal" but yet he did nothing to stop it. This is a clear "Respondeat Superior" violation, because: (1) The Warden Robert Hernandez as a defendant in my Small Claims action, as Retaliation, Directly Participated; (2) Because he knew about my rights being violated, but did nothing to stop or fix the situation; (3) Which shows that Warden Hernandez "Allowed" these "Illegal" acts to take place; (4) Which clearly proves the Warden was "Grossly Negligent" in Managing the above defendants at R.J. Donovan Correctional Facility. See Meriweather V. Coughlin, 879 F.2d 1037(2d Cir.1989).

Warden Robert Hernandez knew and had knowledge of him being a defendant in the Small Claims law suit that was filed against him and the defendants L.T.A. Ms.K.Sterling, Senior Law Librarian A.R.Peterson, and Captain E.Marrero all of Facility 3 yard at R.J. Donovan State Prison. What the Warden Mr.Robert Hernandez did as an employee of CDCR and R.J. DONOVAN, was Under Color Of State Law and/or in his Individual and Official Capacity. (See Exhibit "G" of the Small Claims Civil Suit That Was Filed).

28. So, Warden Mr. Robert Hernandez is "Not Exempt" from being sued in his Official and Individual Capacity because he knew about the events that took place concerning the plaintiff and again, he did nothing to stop it. What he done was "illegal" and Under Color Of State Law as an employee of CDCR at R.J. Donovan Correctional Facility.

## V. EXHAUSTION OF
## ADMINISTRATIVE REMEDIES

29. I the Plaintiff, filed my 602 complaint pertaining to the above defend-violations on 8-20-2007, at R.J. Donovan Corrections Facility. I stayed at (RJDCF) up until october 2, 2007, and still Did Not receive an informal level response, and then, i was Transferred on 10-2-2007, to Mule Creek State Prison and still no response, and the plaintiff stayed at Mule Creek State Prison up until 11-14-2007, and still no response by the RJDCF Apeals Coordinator, and then i finally arrived at H.D.S.P., on 11-14-2007, and still no informal level response by the (RJDCF's) Appeals Coordinator.
(See Exhibit "D" of the 6o2 complaint filed Front & Back Pages).

30. Then Finally, on January 8, 2008, i received the 602 complaint and every level was bypassed, the informal level, the D formal level, and the second-level of review was all "Bypassed" and denied on 11-2-2007, by M.Stout and Ms.Sylvia Garcia (The CW) on the second-level of review, which was all bypassed, (See again Exhibit "D" of 602 complaint and every level Front & Back Pages).

31. However, the RJDCF's Appeals Coordinator was still "Too Late" in sending his response, because 110 working days had "Elapsed" and otherwise had passed, making the et al., defendants "Late" within their time to respond in a "Timely" manner to the Plaintiff.

32. The RJDCF Appeals Coordinator had an opportunity to respond on the informal level from 8-20-2007 to 10-2-2007, while the plaintiff Mr.Gray was still in custody at RJDCF, but he did not respond and a total of 39 working days had already "Elapsed" and that would make the Appeals Coordinator "Over-Due" for any time he had to respond, and on "Bypass" he is calculated to be 9 days late.

33. Further supporting this argument, while the plaintiff Mr.Gray was at Mule Creek State prison from 10-2-2007 to 11-14-2007, the RJDCF Appeals Coordinator had "Ample" "Opportunity" to respond on the D formal level, but he "Did Not" and 31 working days time had passed and/or "Elapsed", so on bypass, he is calculated to be "One" working day late.
(See Exhibit "D" on the D Formal-Level of review on the 602 complaint).

34. Finally, while the plaintiff was at High Desert State Prison from 11-14-2007 to 1-8-2008, the RJDCF Appeals Coordinator finally responded for the Second level of review, but on "Bypass" Appeal Procedure, in which made the RJDCF Appeal Coordinator 40 working days <u>late</u> within his Second-Level of review response. So this would make him 10 days late, because he was waived on "Bypass" Procedure.

35. Thus, we have a "Grand Total" of 110 working days had "Elapsed" and/or had passed up until the plaintiff received the 602 complaint back. On the "First" informal level the RJDCF Appeals Coordinator "Never" did respond. On the informal level the Appeals Coordinator was 9 days "Late" even if he was on "Bypass" Procedure, he had 30 days to respond. On the D formal-level of review, the RJDCF Appeals Coordinator had 30 days to respond, but 31 working days had passed, so He's "One" day "Late." Finally, on the Second-Level of review he had 30 days time to respond, but over 40 working days time had "Elapsed" and even though he was on "Bypass" Procedure, he still was "Late" on the Second-Level of review 10 days "Late" and giving a "Grand Total" of 20 days 'Late' even after Bypass. (See Exhibit "D" of every level of review Bypassed on 602 complaint).

36. Further, on the Third-Level of review, plaintiff has not received a response back "At All" since it was filed on January 9,2008, and more than 60 days time has passed and/or otherwise has "elapsed" in which is the time allowed on the worker day time limit, which is 60 working days, and which is the Director's Level of review and Inmate, Chief Of Appeals reviewing level.

37. Thus, the defendants are in fact, in violation of the Title 15 CCR §3084.6, the Appeals Time Limits, §3084.5, Levels Of Appeal Review And Disposition, and otherwise in violation of §3084.4, Appeals System Abuse Guide-Lines.

38. Exhaustion occurs when prison officials Fail to Respond to a grievance within the policy time limits of CCR, Title 15, §3084.6; Jernigan V.Stuchell, 304 F.3d 1030, at 1032(10th Cir.2002); The Failure to Respond to a grievance within the policy time limits renders the Administrative Remedies Unavailable, Lewis V. Washington, 300 F.3d 829, at 833(7th Cir.2002); When prison officials Fail to Respond, the remedy becomes unavailable, and exhaustion occurs, See Foulk V. Charrier, 262 F.3d 867 at 698(8th Cir.2001), District court "Did Not" Err when it "Declined" to dismiss claim for failure to exhaust where prison officials Failed to Timely respond to grievances. Finally, in Powe V, Ennis, 177 F.3d 393, at 394(5th Cir.1999), When a valid grievance has been filed and the state's time to respond has expired, the remedies are certainly "Deemed" Exhausted. (See Exhibit "D" of filing date of Third-Level of review).

39.  Therefor, the defendants in this complaint "Failed" to otherwise make a timely response, even after using their own "Bypass" Procedure on every level of the Appeal, and they still come-up short "20 Days" late and they are in fact late on the Third-Level Appeal Process and Director Of Corrections and Chief Of Inmate Appeals level of review.

Therefor, the Plaintiff in this complaint and all of his Administrative Remedies are "Deemed" Exhausted and his complaint has a Right to be heard Under The Civil Rights Of Institutionalized Person's Act, §7(a), 42 U.S.C.A. §1997e(a).

## VI. ACTUAL DAMAGES

40.  That all of the defendants, in their Individual and Official Capacity, to include John Doe Head Director of CDCR California Department Of Corrections And Rehabilitation Pay the Plaintiff Actual Damages in the Sum Of: $919.00 Dollars,

That the Warden Mr.Robert Hernandez of R.J. Donovan Correctional Facility and employee of CDCR, Pay the Plaintiff Actual Damages in the Sum Of: $919.00 Dollars,

That the Captain E.Marrero of R.J. Donovan Correctional Facility 3 Yard and employee of CDCR, Pay the Plaintiff Actual Damages in the Sum Of: $919.00 Dollars,

That the L.T.A. Library Technical Assistant of R.J. Donovan Correctional Facility 3 Yard and employee of CDCR, Ms.K.Sterling, Pay the Plaintiff Actual Damages in the Sum Of: $919.00 Dollars,

That the Senior Law Librarian A.R.Peterson of R.J. Donovan Correctional Facility 3 Yard and employee of CDCR, Pay the Plaintiff Actual Damages in the Sum of: $919.00 Dollars, for making the Plaintiff loose his PIA Industry Laundry Job which will take 5 years or longer for him to get back, the defendants must Pay a Grand Total in Actual Damages Of: $4,595.00.

## VII. COMPENSATORY DAMAGES

41.  That all of the defendants, each in their Individual and Official Capacity, to include John Doe and Head Director of CDCR California Department Of Correction And Rehabilitation to Pay the Plaintiff Compensatory Damages in the Sum Of: $25.000.00 Dollars,

That the Warden Mr.Robert Hernandez of R.J. Donovan Correctional Facility and employee of CDCR, to Pay the Plaintiff Compensatory Damages in the Sum Of: $25.000.00, Dollars,

That the Captain of Facility 3 Yard E.Marrero at R.J. Donovan Correctional Facility and employee of CDCR, to Pay the Plaintiff Compensatory Damages in the Sum Of $25.000.00 Dollars,

That the L.T.A. Library Technical Assistant of Facility 3 Yard Ms.K. Sterling and employee of CDCR, to Pay the Plaintiff Compensatory Damages in the Sum Of $25.000.00 Dollars,

That the Senior Law Librarian of Facility 3 Yard A.R.Peterson at R.J. Donovan Correctional Facility and employee of CDCR, to Pay the Plaintiff Compensatory Damages in the Sum of $25.000.00 Dollars, for a Grand Total of: $150.000.00 Dollars for the above violations.

## VII. PUNITIVE DAMAGES

42. That all of the defendants, each in their Individual and Official Capacity, to include John Doe and Head Director of CDCR California Department Of Correction And Rehabilitation to Pay the Plaintiff Punitive Damages in the Sum Of: $25.000.00 Dollars,

That the Warden Mr.Robert Hernandez of R.J. Donovan Correctional Facility and employee of CDCR, to Pay the Plaintiff Punitive Damages in the Sum Of: $25.000.00 Dollars,

That the L.T.A. Library Technical Assistant Ms.K.Sterling of R.J. Donovan Facility 3 Yard and employee of CDCR, to Pay the Plaintiff Punitive Damages in the Sum Of: $25.000.00 Dollars,

That the Captain of Facility 3 Yard E.Marrero at R.J. Donovan Correctional Facility and employee of CDCR, to Pay the Plaintiff Punitive Damages in the Sum Of: $25.000.00 Dollars,

That the Senior Law Librarian A.R.Peterson of R.J. Donovan Correctional Facility 3 Yard and employee of CDCR, to Pay the Plaintiff Punitive Damagess in the Sum Of: $25.000.00 Dollars, for all the above Constitutional Violations, and giving a Grand Total of: $150.000.00.

Therefor, a Grand Total in Actual, Compensatory, and Punitive Damages, for the Plaintiff's Pain & Suffering: $300.000.00, which is a actual total of: $304.595.00 Dollars.

## VIII. INJUNCTIVE RELIEF

43. The Plaintiff Mr.Gregory L. Gray in this above Civil Action against the defendants, John Doe Head Director of California Department Of Corrections And

Rehabilitation, the Warden Mr.Robert Hernandez employee of CDCR at R.J. Donovan Correctional Facility, the Captain of Facility 3 Yard at R.J. Donovan Correctional Facility and employee of CDCR, the L.T.A. Library Technical Assistant Ms.K.Sterling of R.J. Donovan Correctional Facility 3 Yard and employee of CDCR, and the Senior Law Librarian A.R.Peterson of R.J. Donovan Correctional Facility 3 Yard and employe of CDCR, all "MUST" Pay the Plaintiff "Injunctive Relief" as a part of his Damages, because he was a Role-Model Prisoner, never caused any violence or any harm to anyone and he was an A-1-A Programer at the R.J. Donovan Correctional Facility working in the PIA Industry Laundry Facility, Therefor, Mr.Gregory L. Gray the Plaintiff must be placed back into a PIA Industry Job "Effective" "Immediately" and Transferred back to the Mule Creek State Prison Facility and Placed on a PIA Industry Job Site "Immediately" and not placed on the waiting list, but he must be "Actually Working" Effective Immediately, because he never should have loss his job for these "False" charges of Unlawful/Extortion placed against him and placing him in the "Hole" Administrative Segregation "For Nothing" and he was found "Innocent" of all charges and released back to general population, so the plaintiff is to be immediately Transferred to Mule Creek State Prison and placed on a PIA Industry Job Effective Immediately for his "Injunctive Relief."

IX. PRAYER FOR
RELIEF.

The Plaintiff Mr.Gregory L. Gray in this above cause of action against the defendants from R.J. Donovan Correctional Facility and the Head Director of CDCR California Department Of Corrections And Rehabilitation, Prays that the Honorable Judge of the U.S. District Court For the Southern District Of California "Grant" him his Civil Constitutional Rights that have been so "Harshly" violated, grant him the right to have his losses and damages restored.

IN PROPRIA PERSONA
GREGORY LEE GRAY J05459
H.D.S.P., B-2-213
P.O. BOX 3030
SUSANVILLE, CA 96127

/Gregory Lee Gray

# EXHIBIT     A

ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| GRAY, G. | J-05459 |

## REASON(S) FOR PLACEMENT (PART A)

- [ ] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
- [ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
- [ ] ENDANGERS INSTITUTION SECURITY   [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT: On Monday, June 18, 2007, you Inmate GRAY, J-05459, F3-11-239L, are being placed into the Administrative Segregation Unit (ASU) based on the following reason(s): On the above mentioned date you, Inmate GRAY, verbally and in writing, attempting to extort $200.00 from Ms. Sterling as a settlement for your having been denied of your library rights. Therefore, you are deemed a threat to the safety and security of the institution. You will remain in ASU pending further investigation and/or administrative review for appropriate program/housing needs.

- [ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)   [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: _____

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 06/18/07 | E. Garza | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 6/18/3 | 1732 | | | |

- [ ] INMATE REFUSED TO SIGN   INMATE SIGNATURE _____   CDC NUMBER _____

## ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

### IS THIS INMATE:

| | | | | | |
|---|---|---|---|---|---|
| LITERATE? | [ ] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES | [ ] NO |
| FLUENT IN ENGLISH? | [ ] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [x] YES | [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [ ] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES | [x] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | | |

Any "NO" requires SA assignment     [ ] NOT ASSIGNED     Any "NO" may require IE assignment

[ ] NOT ASSIGNED

### INMATE WAIVERS

- [ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER   [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME
- [ ] NO WITNESSES REQUESTED BY INMATE   INMATE SIGNATURE _____   DATE _____

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY _____ [ ] RETAIN PENDING ICC REVIEW [ ] DOUBLE CELL [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| | | | | |
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

**See chronological Classification Review document (CDC 128 - G) for specific hearing information**

**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| GRAY, G. | J-05459 |

## REASON(S) FOR PLACEMENT (PART A)

- [ ] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
- [ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
- [ ] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT: On Monday, June 18, 2007, you Inmate GRAY, J-05459, F3-11-239L, are being placed into the Administrative Segregation Unit (ASU) based on the following reason(s): On the above mentioned date you, Inmate GRAY, verbally and in writing, attempting to extort $200.00 from Ms. Sterling as a settlement for your having been denied of your library rights. Therefore, you are deemed a threat to the safety and security of the institution. You will remain in ASU pending further investigation and/or administrative review for appropriate program/housing needs.

| [ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) | [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: 06/18 07 |
|---|---|

| DATE OF ASU PLACEMENT 06/18/07 | SEGREGATION AUTHORITY'S PRINTED NAME E. Garza | SIGNATURE | TITLE Lieutenant |
|---|---|---|---|
| DATE NOTICE SERVED 6/18/07 | TIME SERVED 1750 | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE A. Sanchez | SIGNATURE | STAFF'S TITLE |
| [ ] INMATE REFUSED TO SIGN | INMATE SIGNATURE | | CDC NUMBER J05459 |

## ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | INVESTIGATIVE EMPLOYEE (IE) |
|---|---|
| STAFF ASSISTANT NAME                    TITLE | INVESTIGATIVE EMPLOYEE'S NAME                    TITLE |

**IS THIS INMATE:**

| | | |
|---|---|---|
| LITERATE? | [ ] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY    [ ] YES [ ] NO |
| FLUENT IN ENGLISH? | [ ] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE    [ ] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [ ] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS    [ ] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED    N/A [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | |
| | Any "NO" requires SA assignment | Any "NO" may require IE assignment |
| [X] NOT ASSIGNED | | [X] NOT ASSIGNED |

### INMATE WAIVERS

| [ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER | [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME |
|---|---|
| [X] NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE | DATE 6/19/07 |

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY    [ ] RETAIN PENDING ICC REVIEW    [X] DOUBLE CELL    [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION: This reason for placement is attributed to attempts to extort a staff member. As such, poses direct threat to safety/security of institution. Retained pending remedial ICC review.

| ADMINISTRATIVE REVIEWER'S PRINTED NAME E. Maller | TITLE Capt | DATE OF REVIEW 6/19/07 | TIME 18 | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

**See chronological Classification Review document (CDC 128 - G) for specific hearing information**

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| J-05459 | Gray | | | RJDCF | F3-11-249U | F3-07-218 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR§ 3013 | Unlawful Influence/Extortion | FIII Law Library | 06/16/07 | 2045 Hours |

**CIRCUMSTANCES**
On Saturday, June 16, 2007 at approximately 1025 hours, while performing my duties as a Library Technical Assistant (Safety), supervising the Facility III Law and General Reading Library, Inmate Gray, J-05459, F3-11-249U, came into the Library. At this time Inmate Gray indicated he sent me an Inmate Request For Interview on June 03, 2007. I informed Inmate Gray that I had no knowledge of what he was referencing and had not recalled receiving any Inmate Request For Interview from him. Inmate Gray indicated that the Request For Interview had been returned to him and he was going to return to his housing unit to get it. Gray signed out at approximately 1040 hours. Inmate Gray returned to the Library at approximately 1342 hours. Inmate Gray personally handed me a U-Save-Em envelope with an enclosed Inmate Request For Interview stating I was being sued in court for the sum of $1,666.20 and for not providing him legal materials to file on a court deadline. In addition Inmate Gray states he is willing to settle if I pay him the sum of $200.00 dollars and no restitution is taken out of his account. Additionally, Inmate Gray acknowledged he was the originator and had signed his name to this particular Inmate Request For Interview. Inmate Gray did not have an approved and verified court deadline. In fact, he has never applied for priority use of the Library since his arrival at R.J.D.C.F. Due to the fact that Inmate Gray sent me a threatening letter to extort financially from me in an unlawful manner and made his threats common knowledge throughout the yard, I am concerned for my safety and security. Inmate Gray is not a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ K. Sterling | | | Facility III Law & Gen Library | Th/Sun |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|---|
| ▶ T. Stricklin, Sergeant | | | DATE 6/18/07 | LOC. | F2-07-232L |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO | | | |
|---|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | | | | | | |
| ☑ SERIOUS | C | 6/21/07 | ▶ E. Marrero, Facility Captain | ☐ HO | ☑ SHO | ☐ SC | ☐ FC |

| COPIES GIVEN INMATE BEFORE HEARING | | | | | |
|---|---|---|---|---|---|
| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ | DATE 7-1-07 | TIME 2005 | TITLE OF SUPPLEMENT | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

**HEARING**

| REFERRED TO ☐ CLASSIFICATION     ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE ▶ | DATE | TIME |
| REVIEWED BY: (SIGNATURE) ▶ E. Marrero, Facility Captain | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ E. Contreras, Associate Warden | DATE | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

CDC 115 (7/88)

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| J-05459 | Gray | | | RJDCF | F3-11-249U | F3-07-245 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCRS 3013 | Unlawful Influence/Extortion | FIII Law Library | 06/28/07 | 1200 Hours |

CIRCUMSTANCES On Thursday, June 28, 2007 at approximately 1200 hours, while performing my duties as a Senior Law Librarian, Inmate Gray, J-05459, F3-11-249U, sent an Inmate Request For Interview via institutional mail. Inmate Gray stated that I was being sued in court for the sum of $1,666.20, for not providing him legal materials to file on a court deadline. In addition Inmate Gray states he is willing to settle if I pay him the sum of $200.00 dollars and no restitution is taken out of his account. Inmate Gray did not have an approved and verified court deadline. In fact, he has never applied for priority use of the Library since his arrival at R.J.D.C.F. Due to the fact that Inmate Gray sent me a threatening letter to extort financially from me in an unlawful manner and made his threats common knowledge throughout the yard, I am concerned for my safety and security. Inmate Gray is not a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ A.R. PETERSON | | Facility III Law & Gen Library | Th/Sun |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ D. Brown, Sergeant | | DATE 6/28/07    LOC. F2-07-232L | |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | | ▶ E. Marrero, Facility Captain | ☐ HO   ☐ SHO   ☐ SC   ☐ FC |
| ☐ SERIOUS | C | 7/1/1 | | |

| COPIES GIVEN INMATE BEFORE HEARING | | | | |
|---|---|---|---|---|
| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ | DATE 2-17-7 | TIME 1800 | TITLE OF SUPPLEMENT |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶    DATE   TIME |

HEARING

| ..FERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ E. Marrero, Facility Captain | | E. Contreras, Associate Warden | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |
|---|---|---|---|

CDC 115 (7/88)

# EXHIBIT    B

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE 01 OF 01

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-05459 | GRAY | F3-07-218 | RJDCF | 07/07/07 |

☑ SUPPLEMENTAL  ☐ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☐ IE REPORT  ☑ OTHER STAFF ASSISTANCE

On Saturday, July 07, 2007, at approximately 1500 hours I, Correctional Officer M. Davis, was assigned the duties of Staff Assistant, for CDCR 115 Log # F3-07-218. I was assigned by the Facility III Program Lieutenant due to his G.P.L. Score of N.T.R.. I, Correctional Officer M. Davis, clearly explained to Inmate GRAY the charges against him, and answered all questions in preparation to his hearing. Inmate GRAY stated that he understood the charges against him. Inmate GRAY had no objection to me serving as his Staff Assistant.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| M. Davis, Correctional Officer | | 7 /07 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| C/O | 7-08-07 | 1130 |

☑ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS
                                                                                       PAGE 02 OF 02

**RULES VIOLATION REPORT - PART C**

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-05459 | GRAY | F3-07-218 | RJDCF | 07/07/07 |

| ☒ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☐ IE REPORT | ☐ OTHER _____ |

INMATE WITNESS(ES)/STATEMENT:   Inmate GRAY requested that the following question(s) be asked of Inmate McDANIEL, J-15941, F3-12-115L.

B). "Isn't it true that I told you I was filing a small claims civil suit on Ms. Sterling (L.T.A.) and the Senior Law Librarian A.R. Peterson?"
B1). "Yes."
B). "Isn't it true that the rules on the SC-100 Small Claims form say's that you must show that you have tried to settle your case before trial."
B2). "Yes."
B3). "Isn't it true that since L.T.A. Ms. Sterling and Senior Librarian A.R. Peterson knows that they are being sued for lack of Law Library access, that they will try anything to stop the law suit, like even claim extortion?"
B3). No response.
B). "Isn't it true that I told you that when I sent the request for interview form to Ms. Sterling and A.R. Peterson for early court settlement on June 3, 2007, saying, "I'm willing to settle for $200.00" that I was "Not" expecting any money, but only a response to show the court that I tried to settle before trial, isn't that true?"
B4). "Yes."
B). "Isn't it true that when you file and exhaust a 602 complaint and file a BPT Government Claims Form for damages, after doing so, you may file a Small Claims suit?"
B5). "Yes."

STAFF WITNESS(ES)/STATEMENT:   Inmate GRAY requested that Ms. Sterling, L.T.A., be asked the following questions.

Q1). "Isn't it true that on Saturday, June 16, 2007, when I brought you the request for interview form that I specifically told you, "that all you are supposed to do is give your response," when you asked me what is this for? Isn't this true?"
A1). "No, you did not ask me for a response."
Q2). "Isn't it true after this you told me to sign it?"
A2). "No, it is not true. I asked you if you wrote the "Inmate Request for Interview" (See Exhibit marked Urgent) "("") you acknowledged to me that you were the originator and signed it."
Q3). "Isn't it true that I have never harmed you in any kind of way since my stay on Facility III yard?"
A3). "You sent me a threatening letter to extort financially from me in an unlawful manner and make your threats common knowledge throughout the yard."
Q4). "Isn't it true that the rules of the SC-100 small claims form says: "You must show the court you've tried to settle your case before trial?""
A4). "I have no knowledge of any case filed against me or of any trial date."
Q5). "Isn't it true the words "willing to accept" is not a demand but merely an offer?"
A5). "Please refer to the submitted Exhibit written by you: "Inmate Request for Interview" dated June 3, 2007, whereby your exact words used to unlawfully extort financially from me are: "Willing to settle if you [Sterling] pay me [Gray] the sum of $200.00 dollars, and "no" restitution is taken out of my [Gray] account.""

REPORTING EMPLOYEE REQUESTED AT HEARING:  NO
INVESTIGATIVE EMPLOYEE REQUESTED AT HEARING:  NO
ADDITIONAL INFORMATION CONTAINED IN CONFIDENTIAL REPORTS:  NO

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| M. Davis, Correctional Officer | | 7-19-07 |
| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | | | |

CDC 115-C (5/95)                                                                    OSP 99 25081

STATE OF CALIFORNIA                                                                              DEPARTMENT OF CORRECTIONS

*T-1370*

PAGE___OF___

## RULES VIOLATION REPORT - PART C

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|------------|---------------|------------|-------------|--------------|
| J-05459 | GRAY | F3-07-245 | RJDCF | 7/20/07 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES    ☐ HEARING    ☒ IE REPORT    ☐ OTHER_____

REPORTING EMPLOYEE'S STATEMENT: AR Peterson, Senior Librarian:
"On Thursday June 28, 2007 while performing my duties at the Central Library I received a request for interview via the institution mail. It was from inmate Gray J-05459. It stated that he was suing me for $1,1666.20 and that he was willing to settle for $200. I consider this a threat that if I did not give him $200 he would sue me for $1,666.20"

(Questions for Senior Librarian Peterson)
Q1. Isn't it true that I barley even know you?
A1. I never met you before, I've received your Inmate request by mail.
Q2. Isn't it true that the rules of the SC-100 claims form says, "You must show the court that you've tried to settle your case before trail?"
A2. I do not understand what you are talking about.
Q3. Isn't it true that I have never harmed you since my stay here on Facility III Yard?
A3. Your written notice to me, I took as a threat.
Q4. Isnt it true the words "Willing to settle" is not a demand but merely an offer?
A4. Willing to settle for any amount of money is an unappropriate request.

INMATE WITNESS(ES)/STATEMENT:  Inmate McDaniel, H-18541,:
(Gave the following statement:)
Q1). Isn't it true I told you, I was filling a small claims civil suit on MS. Sterling (LTA) and senior Law Librarian A.R. Peterson?.
A1). YES.
Q2). Isn't it true that the rules on the (SC-100) small claims form say you must show that you have tried to settle?.
A2). YES.
Q3). Isn't it true that since L.T.A. Sterling and Senior Librarian Peterson, know that they are being sued for lack of Law Library access that they will try anything to stop the law suit, like claim Extortion?.
A3). YES.
Q4). Isn't it true that I told you that when I sent the request for interview form to MS. Sterling and A.R. Peterson, for early court settlement on June 3, 2007, saying "I'm willing to settle for $200.00", that I was not expecting any money, but a responce to show the court that I tried to settle before trial, isn't this true?.
A4). YES.
Q5). Isn't it true that when you file an exhaust a 602 complaint and file a BPT Government claims form for damages, after doing so you may file a small claims suit?.
A5). YES.

| SIGNATURE OF WRITER | DATE SIGNED |
|---------------------|-------------|
| O. SHELLAND. Correctional Officer | 7/20/07 |

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|-------------------------------|-------------|-------------|
| | | |

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)                                                                    OSP 99 25082

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| J-05459 | Gray | | | RJDCF | F3-11-249U | F3-07-218 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR 3013 | Unlawful Influence/Extortion | | FIII Law Library | 06/16/07 | 2045 hours |

**CIRCUMSTANCES**

On Saturday, June 16, 2007 at approximately 1025 hours, while performing my duties as a Library Technical Assistant (Safety), supervising the Facility III Law and General Reading Library, Inmate Gray, J-05459, F3-11-249U, came into the Library. At this time Inmate Gray indicated he sent me an Inmate Request For Interview on June 08, 2007. I informed Inmate Gray that I had no knowledge of what he was referencing and had not recalled receiving any Inmate Request For Interview from him. Inmate Gray indicated that the Request For Interview had been returned to him and he was going to return to his housing unit to get it. Gray signed out at approximately 1040 hours. Inmate Gray returned to the Library at approximately 1342 hours. Inmate Gray personally handed me a U-Save-Em envelope with an enclosed Inmate Request For Interview stating I was being sued in court for the sum of $1,666.20 and for not providing him legal materials to file on a court deadline. In addition Inmate Gray states he is willing to settle if I pay him the sum of $200.00 dollars and no restitution is taken out of his account. Additionally, Inmate Gray acknowledged he was the originator and had signed his name to this particular Inmate Request For Interview. Inmate Gray did not have an approved and verified court deadline. In fact, he has never applied for priority use of the Library since his arrival at R.J.D.C.F. Due to the fact that Inmate Gray sent me a threatening letter to extort financially from me in an unlawful manner and made his threats common knowledge throughout the yard, I am concerned for my safety and security. Inmate Gray is not a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ K. Sterling | | | Facility III Law & Gen Library | Th/Sun |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|---|
| ▶ T. Stricklin,  Sergeant | | | DATE 6/18/07 | LOC. F3-07-232L |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | C | /  / | ▶ E. Marrero, Facility Captain | ☐ HO  ☐ SHO  ☐ SC  ☐ FC |
| ☐ SERIOUS | | | | |

| COPIES GIVEN INMATE BEFORE HEARING | | | | |
|---|---|---|---|---|
| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ | DATE 2-?- | TIME 065 | TITLE OF SUPPLEMENT |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | DATE | BY: (STAFF'S SIGNATURE) ▶ | DATE / TIME |

**HEARING**

| REFERRED TO  ☐ CLASSIFICATION     ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE ▶ | | DATE / TIME |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| ▶ E. Marrero, Facility Captain | | ▶ E. Contreras, Associate Warden | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ | | DATE / TIME |

CDC 115 (7/88)

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| J-03459 | Gray | INTS 3013 | | 05/16/07 | RJDCF  F3-07-218 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    ☐ YES   ☑ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| | | INMATE'S SIGNATURE | DATE |
| ☐ **I REVOKE** my request for postponement. | | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT ☐ REQUESTED   ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON  DOES NOT MEET CRITERIA PER CCRS 3315(d)(2) | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE ☐ REQUESTED   ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON  DOES NOT MEET CRITERIA PER CCRS 3315(d)(1) | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| _____ | ☐ | ☐ | McDonals   12-115 | ☐ | ☐ |
| _____ | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE |
|---|---|---|---|

CDC 115-A (7/88)                — *If additional space is required use supplemental pages* —

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H5640 | Gray | CCR 3015 | 05/16/07 | RJDF | F3-07-265 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | DATE |

DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED   ☐ WAIVED BY INMATE | ▶ | |

| | DATE | NAME OF STAFF |
|---|---|---|
| ☑ ASSIGNED | 7/3/2 | C/O Rocco. |
| ☐ NOT ASSIGNED | REASON | DOES NOT MEET CRITERIA PER CCR§ 3315(d)(2) |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED   ☐ WAIVED BY INMATE | ▶ | |

| | DATE | NAME OF STAFF |
|---|---|---|
| ☑ ASSIGNED | 7/3/2 | D. Sledd |
| ☐ NOT ASSIGNED | REASON | DOES NOT MEET CRITERIA PER CCR§ 3315(d)(1) |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | Rodriguez H-115 | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| ☑ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE 7/3/2 |
|---|---|---|---|

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| J-05459 | Gray | RVR 3013 | | 06/15/07 | LSCP P3-07-218 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  ☐ YES  ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED  ☐ WAIVED BY INMATE | ▶ | |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| | | |

| ☐ NOT ASSIGNED | REASON   DOES NOT MEET CRITERIA PER CCRS 3315(d)(2) |
|---|---|

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED  ☐ WAIVED BY INMATE | ▶ | |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| | | |

| ☐ NOT ASSIGNED | REASON   DOES NOT MEET CRITERIA PER CCRS 3315(d)(1) |
|---|---|

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | McBride   12-115 | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE)  ▶ | TIME | DATE |
|---|---|---|---|

CDC 115-A (7/88)       *— If additional space is required use supplemental pages —*       OSP 03 74845

STATE OF CALIFORNIA
# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| J-05459 | Gray | RVRS 3015 | | 06/16/07 | RJDCF F3-07-218 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☑ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| | | INMATE'S SIGNATURE | DATE |
| ☐ **I REVOKE** my request for postponement. | | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☑ REQUESTED | ☐ WAIVED BY INMATE | ▶ Gray | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON | DOES NOT MEET CRITERIA PER CCRS 3315(d)(2) | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☑ REQUESTED | ☐ WAIVED BY INMATE | ▶ Gray | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON | DOES NOT MEET CRITERIA PER CCRS 3315(d)(1) | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | McDaniels  A2-115 H-1741 | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

**INVESTIGATIVE REPORT:** Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On Saturday, July 7, 2007, at approximately 1100 hours, I informed Inmate GRAY, J-05459, that I was assigned to assist him in his case. I explained to Inmate GRAY that my function was to gather information, question staff, inmate(s), screen witness(es), and complete and submit a written report to the Senior Hearing Officer. Inmate GRAY stated that he understood my position as the Investigative Employee and had no objections to my assignment in assisting him.

DEFENDANT'S STATEMENT: Inmate GRAY states he filed a 602 against the librarian K. Sterling. The S.E. 100 states you must show the court that you tried to settle your claim before trial. "It's all a misunderstanding." Inmate GRAY stated, "I gave K. Sterling a request for Interview expecting her only to respond only."

REPORTING EMPLOYEE'S STATEMENT: "Must get statement from Reporting Employee!"

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ M. Davis, Correctional Officer | 7-19-07 |

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE |
|---|---|---|---|

CDC 115-A (7/88)  — *If additional space is required use supplemental pages* —   OSP 03 74845

# EXHIBIT   C

State of California                                             Department of Corrections and Rehabilitation

# Memorandum

Date:     November 2, 2007

To:       Gray, G.
          J05459
          Richard J. Donovan Correctional Facility

Subject:  **SECOND LEVEL APPEAL RESPONSE**     LOG NO.:     **RJD 07-2380**

### ISSUE:

The appellant is submitting this appeal relative to the Rules Violation Reports (RVR) (CDC-115), Log # F3-07-0218 and Log # F3-07-0245, which were discovered on June 16, 2007 and June 28, 2007. The specific charge was for violating the California Code of Regulations (CCR), Title 15, Section 3013), Unlawful Influence/Extortion. It is the inmate's position that staff fabricated the allegations in their reports, which cost him his job and placed him in Administrative Segregation. On July 29, 2007, both hearings were conducted and the appellant was found not guilty and the charges were dismissed.

The appellant's requested remedy is that he is awarded $1.5 million dollars for violating his constitutional rights.

**INTERVIEWED BY:**     Waived in accordance of California Code of Regulations (CCR), Title 15, Section 3084.5 (f) (3) (A)

**REGULATIONS:**        The rules governing this issue are:

California Penal Code Section 2932. Denial of time credits; grounds; limitations; procedure; effect; review; criminal prosecution; notice to prisoner.

CCR, Title 15:

Section 3013 - Unlawful Influence

Section 3312 – Disciplinary Methods

A review of the "Effective Communication List for Inmates With Test of Adult Basic Education Reading Scores of 4.0 or Less" reveals that the inmate does not require assistance in order to achieve effective communication.

On September 20, 2007, this appeal was processed as a staff complaint as depicted in Administrative Bulletin #05-03 – Processing of Adult Inmate/Parolee Appeals, which Allege Staff Misconduct. The appeal was reviewed and processed in accordance with the normal appeals process by the Hiring Authority or designee.

GRAY, G., J05459
CASE NO. 07- 2380
PAGE 2

Upon reviewing both RVR's; Log # F3-07-0218 and Log # F3-07-0245, the appellant's hearings were held on July 29, 2007 and both cases were subsequently dismissed based on the facts presented.

Upon reviewing of the evidence, both RVR's were authored and generated in good faith as there was physical evidence discovered, in which the appellant was asking for money from both staff members. Based on their belief that money was being demanded, two RVR's were written as required by CCR, Title 15, Section 3312, Disciplinary Methods, which states in part, *"Rules Violation Report: When misconduct is believed to be a violation of law or is not minor in nature, it shall be reported on a CDC Form 115, Rules Violation Report."* The appellant was provided will his "due process" rights, relative to the violations, and subsequently prevailed with "not guilty" verdicts.

The appellant has failed provide any evidence to substantiate that staff maliciously affected his welfare through false documentation. The appellant only requested remedy is that of a monetary award of $1.5 million dollars has been denied.

**APPEAL DECISION:** The appeal is denied at the Second Level of Review.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

Silvia H. Garcia
Chief Deputy Warden
California Department of Corrections and Rehabilitation
Richard J. Donovan Correctional Facility

FOR TO RETURN BY: _____ DATE: _____ CFL: _____

STATE OF CALIFORNIA

**RULES VIOLATION REPORT**      7-1310

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| J-05459 | Gray | | RJDCF | F3-11-249U | F3-07-218 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCRS 3013 | Unlawful Influence/Extortion | FIII Law Library | 06/16/07 | 2045 Hours |

CIRCUMSTANCES:
On Saturday, June 16, 2007 at approximately 1025 hours, while performing my duties as a Library Technical Assistant (Safety), supervising the Facility III Law and General Reading Library, Inmate Gray, J-05459, F3-11-249U, came into the Library. At this time Inmate Gray indicated he sent me an Inmate Request For Interview on June 03, 2007. I informed Inmate Gray that I had no knowledge of what he was referencing and had not recalled receiving any Inmate Request For Interview from him. Inmate Gray indicated that the Request For Interview had been returned to him and he was going to return to his housing unit to get it. Gray signed out at approximately 1040 hours. Inmate Gray returned to the Library at approximately 1342 hours. Inmate Gray personally handed me a U-Save-Em envelope with an enclosed Inmate Request For Interview stating I was being sued in court for the sum of $1,666.20 and for not providing him legal materials to file on a court deadline. In addition Inmate Gray states he is willing to settle if I pay him the sum of $200.00 dollars and no restitution is taken out of his account. Additionally, Inmate Gray acknowledged he was the originator and had signed his name to this particular Inmate Request For Interview. Inmate Gray did not have an approved and verified court deadline. In fact, he has never applied for priority use of the Library since his arrival at R.J.D.C.F. Due to the fact that Inmate Gray sent me a threatening letter to extort financially from me in an unlawful manner and made his threats common knowledge throughout the yard, I am concerned for my safety and security. Inmate Gray is not a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| K. Sterling | | Facility III Law & Gen Library | Th/Sun |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☑ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| T. Stricklin, Sergeant | | DATE 6/18/07 | LOC. F2-07-232L |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY: (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☑ SERIOUS | C | 6/7/07 | E. Marrero, Facility Captain | ☐ HO ☑ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | | 7-1-07 | 2005 | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | | | | | | |

HEARING

HEARING: On Sunday, July 29, 2007, at approximately 2045 hours, Inmate GRAY, J-05459, F2-07-232L, was present for this hearing, RVR Log# F3-07-218, and stated he was in good health. I introduced myself as the Senior Hearing Officer and explained to him that my position was to determine the facts of this matter based upon the evidence presented during this hearing and make a determination as to guilt or innocence based upon a preponderance of the evidence. He received all pertinent copies twenty-four (24) hours prior to this hearing, and was prepared to proceed. All charges were read to him and he was advised he would receive a final copy of this report after audit by the Chief Disciplinary Officer.

EFFECTIVE COMMUNICATION: Inmate GRAY read the charges back to the SHO and was articulant in explaining the charges against him and the possible consequences to the SHO. The SHO established effective communication and continued with the hearing.

MENTAL HEALTH STATUS: Inmate GRAY is not a participant in the Mental Health Services Delivery System.

STAFF ASSISTANT: An S.A. was assigned per CCR-3315(d)(2)(A).1,.2,.3: The inmate is not illiterate, is English speaking, the issues are not complex, his G.P.L./TABE score is N.T.R., and he does not require a confidential relationship in preparing his defense.

REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| R. J. SHELAR, CORRECTIONAL LIEUTENANT (SHO) | | 7/29/07 | 2100 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| E. Marrero, Facility Captain | 8/16/07 | E. Contreras, Associate Warden | 8/17/07 |

| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | C/O | 8-26-07 | 0941 |

CDC 115 (7/88)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**          7- 1310          PAGE 02 OF 02

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-05459 | GRAY | F3-07-218 | RJDCF | 07/29/07 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHER____

INVESTIGATIVE EMPLOYEE: An I.E. was assigned per CCR 3315(d)(1)(A) 1, 2, 3: The issues are complex, the inmate's housing status did preclude his evidence gathering, and additional information was necessary for a fair hearing. Correctional Officer M. Davis was assigned on 07/07/07 and the report was taken into consideration by the SHO.

WITNESSES: Denied, per CCR 3315(e)(1), the SHO elected to use witness testimony from the I.E. report.

INMATE PLEA: Inmate GRAY pled not guilty and made the following statement: "I exhausted the 602 process and I am taking this out to court. I am entitled to settle the lawsuit."

DUE PROCESS: The SHO notes no "Due Process" violation(s) in this matter: The defendant did receive his first copies within the 15-day requirement from the date of the offense. This hearing was convened within 30 days from the date that first copies were issued. The defendant claims a TABE/Reading Score are not recorded and therefore do not show whether it is at or above the mandatory minimum of 4.0. Therefore, all "Due Process" requirements were met and loss of Participation Credit is permitted in this matter.

FINDINGS: Not Guilty of CCR, Title 15, Section 3013, specifically, "Unlawful Influence/Extortion" based upon the following:

1) The Circumstances Section of the RVR, authored by the Reporting Employee, as noted above, which states in part: "On Saturday, June 16, 2007, at approximately 1025 hours,...Inmate GRAY, J-05459, F3-11-249U, came into the Library. At this time Inmate GRAY indicated he sent me an Inmate Request For Interview on June 03, 2007...Inmate GRAY returned to the Library at approximately 1342 hours. Inmate GRAY personally handed me a U-Save-Em envelope with an enclosed Inmate Request For Interview stating I was being sued in court for the sum of $1,666.20 and for not providing him legal materials to file on a court deadline. In addition Inmate GRAY states he is willing to settle if I pay him the sum of $200.00 dollars and no restitution is taken out of his account."

2) The documentation provided as Supporting Documents for the RVR are Inmate Requests notifying A. R. Peterson and K. Sterling of a lawsuit in progress regarding the lack of Library access. No threat of violence or use of force was present.

3) Inmate GRAY provided Lawful documentation to prove he has sent this case/lawsuit to the courts and Third Level Review.

These facts, when taken together, constitute a preponderance of evidence and support a finding of "NOT GUILTY" in this matter.

DISPOSITION: Not Guilty: Dismissed. Per CCR 3326(2), the CDC-115 will be removed from the Central File of the inmate, he will be provided a completed copy of the RVR, and a completed copy will be placed in the Register of Institution Violations. All other copies of the CDC-115 and supplemental reports shall be destroyed. Inmate GRAY was advised of his right to appeal this action per CCR 3084.1.

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | R. J. Shelar, Correctional Lieutenant (SHO) | 7/30/07 |
| ☑ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| J-05459 | Gray | | | RJDCF | F3-11-249U | F3-07-245 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR§ 3013 | Unlawful Influence/Extortion | FIII Law Library | 06/28/07 | 1200 Hours |

CIRCUMSTANCES On Thursday, June 28, 2007 at approximately 1200 hours, while performing my duties as a Senior Law Librarian, Inmate Gray, J-05459, F3-11-249U, sent an Inmate Request For Interview via institutional mail. Inmate Gray stated that I was being sued in court for the sum of $1,666.20, for not providing him legal materials to file on a court deadline. In addition Inmate Gray states he is willing to settle if I pay him the sum of $200.00 dollars and no restitution is taken out of his account. Inmate Gray did not have an approved and verified court deadline. In fact, he has never applied for priority use of the Library since his arrival at R.J.D.C.F. Due to the fact that Inmate Gray sent me a threatening letter to extort financially from me in an unlawful manner and made his threats common knowledge throughout the yard, I am concerned for my safety and security. Inmate Gray is not a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ A.R. PETERSON  *(signature)* | | 7-3-07 | Facility III Law & Gen Library | Th/Sun |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|---|
| ▶ D. Brown, Sergeant  *(signature)* | | 7-3-07 | DATE 6/28/07 | LOC. F2-07-232L | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO | | | |
|---|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE  ☑ SERIOUS | C | 7/10/07 | ▶ E. Marrero, Facility Captain | ☐ HO | ☑ SHO | ☐ SC | ☐ FC |

## COPIES GIVEN INMATE BEFORE HEARING

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ *(signature)* | 7-17-07 | 1800 | |

| ☐ INCIDENT REPORT  LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ | | | ▶ | | |

HEARING HEARING: On Sunday, July 29, 2007, at approximately 2100 hours, Inmate GRAY, J-05459, F2-07-232L, was present for this hearing, RVR Log# F3-07-245, and stated he was in good health. I introduced myself as the Senior Hearing Officer and explained to him that my position was to determine the facts of this matter based upon the evidence presented during this hearing and make a determination as to guilt or innocence based upon a preponderance of the evidence. He received all pertinent copies twenty-four (24) hours prior to this hearing, and was prepared to proceed. All charges were read to him and he was advised he would receive a final copy of this report after audit by the Chief Disciplinary Officer.

EFFECTIVE COMMUNICATION: Inmate GRAY read the charges back to the SHO and was articulant in explaining the charges against him and the possible consequences to the SHO. The SHO established effective communication and continued with the hearing.

MENTAL HEALTH STATUS: Inmate GRAY is not a participant in the Mental Health Services Delivery System.

STAFF ASSISTANT: An S.A. was assigned per CCR 3315(d)(2)(A) 1, 2, 3: The inmate is not illiterate, is English speaking, the issues are not complex, his G.P.L./TABE score is N.T.R., and he/does not require a confidential relationship in preparing his defense.

REFERRED TO  ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| R. J. Shelar, Correctional Lieutenant (SHO) | *(signature)* | 7/29/07 | 2130 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| ▶ E. Marrero, Facility Captain | 7/31/07 | ▶ E. Contreras, Associate Warden | 8/7/07 | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ▶ C/O J. *(signature)* | 8-20-07 | 0940 |

CDC 115 (7/88)

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**                                                    PAGE 02 OF 02

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-05459 | GRAY | F3-07-245 | RJDCF | 07/29/07 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER___ |

<u>INVESTIGATIVE EMPLOYEE:</u> An I.E. was assigned per CCR 3315(d)(1)(A) 1, 2, 3: The issues are complex, the inmate's housing status did preclude his evidence gathering, and additional information was necessary for a fair hearing. Correctional Officer M. Davis was assigned on 07/07/07 and the report was taken into consideration by the SHO.

<u>WITNESSES:</u> Denied, per CCR 3315(e)(1), the SHO elected to use witness testimony from the I.E. report.

<u>INMATE PLEA:</u> Inmate GRAY pled not guilty and made no statement.

<u>DUE PROCESS:</u> The SHO notes no "Due Process" violation(s) in this matter: The defendant did receive his first copies within the 15-day requirement from the date of the offense. This hearing was convened within 30 days from the date that first copies were issued. The defendant claims a TABE/Reading Score are not recorded and therefore do not show whether it is at or above the mandatory minimum of 4.0. Therefore, all "Due Process" requirements were met and loss of Participation Credit is permitted in this matter.

<u>FINDINGS:</u> Not Guilty of CCR, Title 15, Section 3013, specifically, "Unlawful Influence/Extortion" based upon the following:

1) The Circumstances Section of the RVR, authored by the Reporting Employee, as noted above, which states in part: "On Thursday, June 28, 2007, at approximately 1200 hours,..Inmate GRAY, J-05459, F3-11-249U, sent an Inmate Request For Interview via institutional mail. Inmate GRAY stated that I was being sued in court for the sum of $1,666.20, for not providing him legal materials to file on a court deadline. In addition inmate GRAY states he is willing to settle if I pay him the sum of $200.00 dollars and no restitution is taken out of his account."

2) This RVR is considered "Stacking". RVR Log# F3-07-218 was typed when the Inmate Request was handed to the Librarian. The second Request was a duplicate request sent by mail. Therefore, in the interest of justice this RVR is Dismissed.

These facts, when taken together, constitute a preponderance of evidence and support a finding of "NOT GUILTY" in this matter.

<u>DISPOSITION:</u> Not Guilty: Dismissed. Per CCR 3326(2), the CDC-115 will be removed from the Central File of the inmate, he will be provided a completed copy of the RVR, and a completed copy will be placed in the Register of Institution Violations. All other copies of the CDC-115 and supplemental reports shall be destroyed. Inmate GRAY was advised of his right to appeal this action per CCR 3084.1.

| SIGNATURE OF WRITER: | | DATE SIGNED |
|---|---|---|
| R. J. Shelar, Correctional Lieutenant (SHO) | | |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

☒ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 99 25082

# **SC-100** Information for the Defendant (the person being sued)

**"Small claims court"** is a special court where claims for $5,000 or less are decided. The process is quick and cheap. The rules are simple and informal.

You are the Defendant—the person being sued. The person who sued you is the Plaintiff.

### Do I need a lawyer?
You may talk to a lawyer before or after the case. But you *may not* have a lawyer represent you in court (unless this is an appeal).

### How do I get ready for court?
Read "Get Ready for Court" at:
*www.courtinfo.ca.gov/selfhelp/smallclaims/getready.htm*

### What if I need an accommodation?
If you have a disability or are hearing impaired, fill out Form MC-410, *Request for Accommodations.* Give the form to the court clerk or the ADA/Access Coordinator for your court.

### What if I don't speak English well?
Bring someone—like a relative or friend—who can interpret for you in court. The court cannot give you an interpreter. But the clerk can give you a list of interpreters. (Interpreters usually charge a fee.)

### Where can I get the court forms I need?
Go to any courthouse or your county law library, or print forms at: *www.courtinfo.ca.gov/forms*

### What happens at the trial?
The judge will listen to both sides. The judge may make a decision at your trial or mail the decision to you later.

### What if lose the case?
If you lose, you can appeal. You'll have to pay a fee. (The Plaintiff cannot appeal.)

- If you were at the trial, file Form SC-140, *Notice of Appeal.* You must file within 30 days after the judge's decision.

- If you were *not* at the trial, fill out and file Form SC-135, *Notice of Motion to Vacate Judgment and Declaration,* to ask the judge to cancel the judgment (decision). If the judge does not give you a new trial, you have 10 days to appeal the decision. File Form SC-140.

For more information on appeals, see:
*www.courtinfo.ca.gov/selfhelp/smallclaims/appeal.htm*

### Do I have options?
Yes. If you are being sued, you can:

- **Settle your case before the trial.** If you and the Plaintiff agree on how to settle the case, you must both notify the court. Ask the Small Claims Advisor for help.

- **Prove this is the wrong court.** Send a letter to the court *before* your trial, explaining why you think this is the wrong court. Ask the court to dismiss the claim. You must serve (give) a copy of your letter (by mail or in person) to all parties. (Your letter to the court must say you have done this.)

- **Go to the trial and try to win your case.** Bring witnesses, receipts, and any evidence you need to prove your case. To make sure the witnesses go to the trial, fill out Form SC-107 and the clerk will subpoena (order) them to go.

- **Sue the person who sued you.** File Form SC-120, *Defendant's Claim.* There are strict filing deadlines you must follow.

- **Agree with the Plaintiff's claim and pay the money.** Or, if you can't pay the money now, go to your trial and say you want to make payments.

- **Let the case "default."** If you don't settle and do not go to the trial (default), the judge may give the Plaintiff what he or she is asking for and court costs. If this happens, the Plaintiff can legally take your money, wages, and property to pay the judgment.

### What if I need more time?
You can change the trial date if:

- You cannot go to court on the scheduled date (you will have to pay a fee to continue the trial), *or*

- You did not get served (receive this order to go to court) at least 15 days before the trial (or 20 days if you live outside the county), *or*

- You need more time to get an interpreter. One postponement is allowed, and you will not have to pay a fee to delay the trial.

Write to the court before the trial and explain why you want a postponement. Enclose a check if you have to pay a fee, unless a waiver was granted.

 **Need help?**
Your county's Small Claims Advisor can help for free. Go to "County-Specific Court Information" at: *www.courtinfo.ca.gov/selfhelp/smallclaims*

County Information Here

# EXHIBIT    D

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:     JUN 0 3 2008

In re:    Gregory Gray, J05459
          High Desert State Prison
          P.O. Box 270220
          Susanville, CA 96127

IAB Case No.: 0720208          Local Log No.: RJD-07-02380

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner P. D. Vera, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:** It is the appellant's position that Ms. Sterling, Library Technical Assistant (LTA) and Ms. A. R. Peterson, Senior Librarian, fabricated the allegations of Unlawful Influence/Extortion in their CDC Form 115, Rules Violation Report (RVR)'s Log #F3-07-0218 dated June 16, 2007 and Log #F3-07-0245 dated June 28, 2007. It is the appellant's belief that the aforementioned RVR's cost him his job assignment and placed him in the Administrative Segregation Unit. The appellant contends that both RVR's were heard on July 29, 2008 and he was found not guilty and the charges were dismissed. The appellant contends that he was unlawfully held against his will and believes that R.J. Donovan Correctional Facility (RJD) staff are guilty of false imprisonment, felony malicious mischief, defamation of character kidnap and in violation of California Code of Regulations, Title 15, Section (CCR) 3391. It is the appellant's belief that the aforementioned is a violation of cruel and unusual punishment under the Eighth Amendment of the United States Constitution and is discrimination against a prisoner. The appellant requests to be monetarily compensated $1,500,000.00 for actual damages and punitive damages and pain and suffering.

**II  SECOND LEVEL'S DECISION:** The reviewer found that on September 20, 2007, the appellant's appeal was processed as a staff complaint in accordance with Administrative Bulletin 05/03. The appeal was reviewed and processed in accordance with the normal appeals process by the Hiring Authority or designee. Upon reviewing both RVR Log #F3-07-0218 and F3-07-0245, the appellant's hearings were held on July 29, 2007 and both RVR's were dismissed based upon the facts presented. Upon reviewing the evidence, both RVR's were authored and generated in good faith as there was physical evidence discovered, which the appellant was asking for money from both staff members. Based upon their belief that money was being demanded, two RVR's were written and issued as required in accordance with CCR 3312. The appellant was provided with his due process rights, relative to the violations and subsequently prevailed with not guilty verdicts. The appellant has failed to provide any evidence to substantiate that staff maliciously affected his welfare through false documentation. The appellant's request to be awarded $1.5 million dollars has been denied. The appellant's appeal is denied at the Second Level of Review.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

  **A.  FINDINGS:** Based upon the documentation provided by both the appellant and the institution, it is determined that the appellant has failed to provide compelling documentation that would support his appeal complaint. Both LTA, K. Sterling and Senior Librarian, A. R. Peterson believed the appellant's behavior was a violation of law, not minor in nature and reported the appellant's behavior on an RVR, in accordance with CCR 3312(a)(3). A review of RVR Log #F3-07-0218 dated June 16, 2007 and Log #F3-07-0245 dated June 28, 2007, was conducted by the examiner. The review revealed no evidence to indicate that staff maliciously fabricated false documentation to affect the appellant's welfare. The aforementioned employees documented the appellant's behavior in accordance with CCR 3401(c)(d). The appellant was appropriately placed into the ASU on June 18, 2007, pending investigation for allegedly attempting to extort $200.00 from LTA, K. Sterling. The appellant was released from the ASU on August 22, 2007, upon completion of the Chief Disciplinary Officer's review of the adjudicated RVR. The appellant's monetary compensation request is unfounded and denied as it is

GREGORY GRAY, J05459
CASE NO. 0720208
PAGE 2

beyond the scope of the inmate appeals process. Therefore, absent any new documentation that was not provided by the appellant when requesting a Director's Level of Review, no further action is warranted at this time.

The appellant has added new issues and requests to his appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

**B.   BASIS FOR THE DECISION:**
CCR: 3001, 3013, 3271, 3312, 3315, 3318, 3320, 3323, 3401

**C.   ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the State Board of Control), Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, HDSP
        Appeals Coordinator, HDSP
        Appeals Coordinator, RJD

TO RECEIVED WARDEN'S OFFICE.

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: RICHARD J. DONOVAN CORR. FAC.

AUG 3 1 2007

"EMERGENCY"

| Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. RJD | 1. 07-2380 | |
| 2. | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| GRAY | J05459 | UNASSIGNED | F2,B-7,131 |

A. Describe Problem: THIS 602 COMPLAINT IS AGAINST R. HERNANDEZ WARDEN OF RJDCF, E. DER, DIRECTOR OF CALIF. DEPARTMENT OF CORRECTIONS, E. MARRERO CAPTAIN OF FACILITY "III" YARD, MS. K. STERLING (LTA) LIBRARY TECHNICAL ASSISTANT, AND MS. A.R. PETERSON SR LIBRARIAN BOTH OF FACILITY "III" YARD, FOR FILING "FALSE" CDC VIOLANTION CHARGES OF CCR § 3013, SAYING THAT "I" THE "PLAINTIFF TRIED TO "UNLAWFUL INFLUENCE/ EXTORTION" MONIES FROM THE ABOVE DEFENDANTS IN

If you need more space, attach one additional sheet.                     SEE ATTACHED →

B. Action Requested: PLAINTIFF IN THIS ACTION IS REQUESTING $1,500,000.00 DOLLARS FOR ACTUAL DAMAGES AND PUNITIVE DAMAGES AND PAIN & SUFFERING, IN VIOLATION OF THE 8TH AMENDMENT OF THE U.S. CONSTITUTION AND DISCRIMINATION.=

Inmate/Parolee Signature: MR. Gregory Lee Gray J05459    Date Submitted: 8-20-2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

07-2380

Case 3:07-cv-01141-JAH-POR   Document 1   Filed 06/20/2007

1  THIS ACTION. ON JUNE 18, 2007, I, MR. GRAY WAS
2  ISSUED A 114D (ASU PLACEMENT NOTICE), AND
3  PLACED IN AD-SEG PENDING INVESTIGATION. ON
4  JUNE 16, 2007, I WAS GIVEN A CDC 115 RULES VIOLA-
5  TION CHARGE FOR UNLAWFUL INFLUENCE/EXTORTION
6  BY L.T.A. MS. K. STERLING AND ON JUNE 28, 2007,
7  I RECEIVE ANOTHER CDC 115 RULES VIOLATION
8  CHARGE FROM SENIOR LIBRARIAN MS. A.R.
9  PETERSON ALSO CHARGING ME WITH CCR§3013
10  UNLAWFUL INFLUENCE/EXTORTION. ON JUN 29, 2007,
11  I WAS FOUND "NOT GUILTY" AND "INNOCENT" OF
12  ALL CHARGES BY LIEUTENANT GARZA OF FACILITY
13  3 YARD AND ALL CHARGES WERE "DISMISSED."
14  SINCE JUNE 18, 2007, I HAVE BEEN UNLAWFULLY
15  HELD AGAINST MY WILL, AND RJDCF AND CDC
16  STAFF AND EMPLOYEE'S ARE GUILTY OF "FALSE
17  IMPRISONMENT," FELONY MALICIOUS MISCHIEF,
18  DEFAMATION OF CHARACTER, KIDNAP, AND IN
19  VIOLATION OF CDC §3391 EMPLOYEE CONDUCT
20  (a) THRU (d), AND I SUFFERED LOSING MY PIA
21  LAUNDRY JOB BEHIND THE ABOVE "FALSE CHARGES".
22  SO THEREFORE, THIS VIOLATION BY RJDCF AND
23  CDC STAFF IS CRUEL AND UNUSUAL PUNISH-
24  MENT UNDER THE 8TH AMENDMENT OF THE
25  U.S. CONSTITUTION AND IS "DISCRIMINATION"
26  AGAINST A PRISONER. (SEE ATTACHED
27  EXHIBIT "A" OF 115 RULE VIOLATIONS AND
28  I.E. REPORTS.) (AND EXIBIT "B").

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*September 7, 2007*

**GRAY, J05459**
*F31500000000145U*

Log Number: RJD-2-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*Your appeal is incomplete. You must include supporting documentation. All documents must be legible. (If necessary, you may obtain copy(ies) of requested documents by sending your request with a signed trust withdrawal form to your assigned counselor.) Your appeal is missing:*

**RESUBMIT WITH FINAL COPY OF RVR**

DONE AS REQUESTED
IT'S EXIBIT "A" THE RVR.

Appeals Coordinator
Richard J. Donovan Correctional Facility

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:     November 2, 2007

To:       Gray, G.
          J05459
          Richard J. Donovan Correctional Facility

Subject:  **SECOND LEVEL APPEAL RESPONSE    LOG NO.:    RJD 07-2380**

### ISSUE:

The appellant is submitting this appeal relative to the Rules Violation Reports (RVR) (CDC-115), Log # F3-07-0218 and Log # F3-07-0245, which were discovered on June 16, 2007 and June 28, 2007. The specific charge was for violating the California Code of Regulations (CCR), Title 15, Section 3013), Unlawful Influence/Extortion. It is the inmate's position that staff fabricated the allegations in their reports, which cost him his job and placed him in Administrative Segregation. On July 29, 2007, both hearings were conducted and the appellant was found not guilty and the charges were dismissed.

The appellant's requested remedy is that he is awarded $1.5 million dollars for violating his constitutional rights.

**INTERVIEWED BY:**    Waived in accordance of California Code of Regulations (CCR), Title 15, Section 3084.5 (f) (3) (A)

**REGULATIONS:**       The rules governing this issue are:

California Penal Code Section 2932. Denial of time credits; grounds; limitations; procedure; effect; review; criminal prosecution; notice to prisoner.

CCR, Title 15:

Section 3013 - Unlawful Influence

Section 3312 – Disciplinary Methods

A review of the "Effective Communication List for Inmates With Test of Adult Basic Education Reading Scores of 4.0 or Less" reveals that the inmate does not require assistance in order to achieve effective communication.

On September 20, 2007, this appeal was processed as a staff complaint as depicted in Administrative Bulletin #05-03 – Processing of Adult Inmate/Parolee Appeals, which Allege Staff Misconduct. The appeal was reviewed and processed in accordance with the normal appeals process by the Hiring Authority or designee.

GRAY, G., J05459
CASE NO. 07- 2380
PAGE 2

Upon reviewing both RVR's, Log # F3-07-0218 and Log # F3-07-0245, the appellant's hearings were held on July 29, 2007 and both cases were subsequently dismissed based on the facts presented.

Upon reviewing of the evidence, both RVR's were authored and generated in good faith as there was physical evidence discovered, in which the appellant was asking for money from both staff members. Based on their belief that money was being demanded, two RVR's were written as required by CCR, Title 15, Section 3312, Disciplinary Methods, which states in part, "*Rules Violation Report: When misconduct is believed to be a violation of law or is not minor in nature, it shall be reported on a CDC Form 115, Rules Violation Report.*" The appellant was provided will his "due process" rights, relative to the violations, and subsequently prevailed with "not guilty" verdicts.

The appellant has failed provide any evidence to substantiate that staff maliciously affected his welfare through false documentation. The appellant only requested remedy is that of a monetary award of $1.5 million dollars has been denied.

**APPEAL DECISION:** The appeal is denied at the Second Level of Review.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

Silvia H. Garcia
Chief Deputy Warden
California Department of Corrections and Rehabilitation
Richard J. Donovan Correctional Facility

## INMATE APPEAL ROUTE SLIP

To: APPEALS                                    Date: September 21, 2007

From: INMATE APPEALS OFFICE

Re: Appeal Log Number RJD-2-07-02380 By Inmate GRAY, J05459

Please assign this appeal to appropriate staff for SECOND level response.

Appeal Issue: DISCIPLINARY
Due Date: 11/05/2007
Special Needs:

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.

Inmate Appeals Coordinator
Richard J. Donovan Correctional Facility



# EXHIBIT E

**JUNE 16, 2007**
IIS VIOLATION WAS WROTE FOR EXTORTION BY MS. K. STEELING C.T.A.

**JUNE 17, 2007**
NOTHING WAS ISSUED TO ME ON THIS DAY AND IM WORKING IN PIA LAUNDRY.

**JUNE 18, 2007**
ON THIS DAY I WAS TAKEN TO AD-SEQ ON A 114D INVESTIGATION INTO THE MATTER.

**JUNE 19, 2007**
"INJURY" I LOSE MY PIA LAUNDRY JOB

**JUNE 20, 2007**
STILL WITHOUT MY JOB.

**JUNE 21, 2007**
STILL WITHOUT MY JOB.

**JUNE 22, 2007**
STILL WITHOUT MY JOB.

**JUNE 23, 2007**
STILL IN AD-SEQ WITHOUT MY JOB.

**JUNE 24, 2007**
STILL IN AD-SEQ WITHOUT MY JOB.

**JUNE 25, 2007**
STILL IN AD-SEQ WITHOUT MY JOB.

**JUNE 26, 2007**
STILL IN AD-SEQ WITHOUT MY JOB.

**JUNE 27, 2007**
I WENT TO ICC COMMITTEE

**JUNE 28, 2007**
I RECEIVED IIS VIOLATION FOR EXTORTION BY A.R. PETERSON SR LIBRARIAN.

**JUNE 29, 2007**
STILL IN AD-SEQ.

**JUNE 30, 2007**
STILL IN AD-SEQ.

**JULY 1, 2007**
STILL IN AD-SEQ.

**JULY 2, 2007**
STILL IN AD-SEQ.

**JULY 3, 2007**
STILL IN AD-SEQ.

**JULY 4, 2007**
STILL IN AD-SEQ.

**JULY 5, 2007**
STILL IN AD-SEQ.

**JULY 6, 2007**
STILL IN AD-SEQ.

**JULY 7, 2007**
I WAS APPOINTED AN I.E. REPORTER C/O DAVIS.

**JULY 8, 2007**
STILL IN AD-SEQ.

**JULY 9, 2007**
STILL IN AD-SEQ.

**JULY 10, 2007**
STILL IN AD-SEQ.

**JULY 11, 2007**
STILL IN AD-SEQ.

**JULY 12, 2007**
STILL IN AD-SEQ.

**JULY 13, 2007**
STILL IN AD-SEQ.

**JULY 14, 2007**
STILL IN AD-SEQ

**JULY 15, 2007**
STILL IN AD-SEQ

PAIN + SUFFERING CHART

**PAIN & SUFFERING CHART**

| JULY 22, 2007 | JULY 29, 2007 | AUGUST 5, 2007 | AUGUST 12, 2007 |
|---|---|---|---|
| STILL THE SAME. | ON THIS DAY I WAS FOUND "INNOCENT" OF ALL CHARGES. | STILL THE SAME. | IM ASKING FOR A DOCTOR BUT NO DOCTOR WOULD SEE ME. |
| **JULY 21, 2007** — STILL THE SAME. | **JULY 28, 2007** — STILL THE SAME. | **AUGUST 4, 2007** — STILL THE SAME. | **AUGUST 11, 2007** — THE DOCTOR JUST IGNORE'S INMATES. |
| **JULY 20, 2007** — STILL THE SAME. | **JULY 27, 2007** — STILL THE SAME. | **AUGUST 3, 2007** — MY RIA JOB WAS TAKEN FOR NOTHING. | **AUGUST 10, 2007** — EVERYTIME I ASK FOR THE DOCTOR, OFFICERS IGNORE ME. |
| **JULY 19, 2007** — STILL THE SAME. | **JULY 26, 2007** — STILL THE SAME. | **AUGUST 2, 2007** — I JUST HAD OF A RAISE ON MY RIA JOB TO 45¢ AN HOUR AND NOW THATS GONE. | **AUGUST 9, 2007** — STILL THE SAME. |
| **JULY 18, 2007** — STILL THE SAME. | **JULY 25, 2007** — NO DOCTORS COMING AROUND ASKING ABOUT THE TERRIBLE FOOD. | **AUGUST 1, 2007** — I WAS WORKING MY WAY UP IN RIA TO MAKING OVER A $1,000 A YEAR. | **AUGUST 8, 2007** — STILL THE SAME. |
| **JULY 17, 2007** — STILL THE SAME. | **JULY 24, 2007** — THE OFFICERS BADLY STEALING THE FOOD SERVING AREA AND THEY PUT DIRTY CLOTHES ON THE FOOD TABLES. | **JULY 31, 2007** — THESE PEOPLE FILED FALSE CHARGES AGAINST ME TO TRY AND STOP MY CIVIL SUIT. | **AUGUST 7, 2007** — STILL THE SAME. |
| **JULY 16, 2007** — STILL THE SAME. | **JULY 23, 2007** — THIS ENVIRONMENT IS UNHEALTHY. | **JULY 30, 2007** — IM MENTALLY SUFFERING "BADLY." | **AUGUST 6, 2007** — STILL THE SAME. |
| | | | **AUGUST 15, 2007** — STILL THE SAME IM FALSELY ACCUSED. BUT FOUND "INNOCENT." |
| | | | **AUGUST 14, 2007** — THE FOOD IS TERRIBLE. |
| | | | **AUGUST 13, 2007** — THE OFFICERS ARE HARASSING INMATES. |

| AUGUST 16, 2007 | AUGUST 17, 2007 | AUGUST 18, 2007 | AUGUST 19, 2007 | AUGUST 20, 2007 | AUGUST 21, 2007 | AUGUST 22, 2007 |
|---|---|---|---|---|---|---|
| STILL THE SAME. | STILL THE SAME. | STILL THE SAME. | IM IN A LOT OF MENTAL STRESS. | IM IN A LOT OF MENTAL ANGUISH. | IM IN MENTAL PAIN. | ONE OF THESE DAYS I WAS RELEASED TO G.P. |
| AUGUST 23, 2007 ONE OF THESE DAYS I WAS RELEASED TO G.P. | AUGUST 24, 2007 ON OF THESE DAYS I WAS RELEASED TO G.P. | | | | | |

PAIN + SUFFERING CHART

# EXHIBIT    F

(c) COPY

**Government Claims Form**
**California Victim Compensation and Government Claims Board**
**P.O. Box 3035**
**Sacramento, CA 95812-3035**

**1-800-955-0045 • www.governmentclaims.ca.gov**

State of California
Victim Compensation and Govt Claims Board

**JAN 1 6 2008**

Government Claims Div.

**For Office Use Only**
**Claim No.:**

## Is your claim complete?

| | |
|---|---|
| ☐ | *New!* Include a check or money order for $25 payable to the State of California. |
| ☐ | Complete all sections relating to this claim and sign the form. Please print or type all information. |
| ☐ | Attach receipts, bills, estimates or other documents that back up your claim. |
| ☐ | Include two copies of this form and all the attached documents with the original. |

## Claimant Information

**①** GRAY          GREGORY          LEE
Last name      First Name      MI

**②** Tel: 

**③** Email: ⌀

**④** H.D.S.P., B-2-213, P.O. BOX 3030          SUSANVILLE          CA   96127
Mailing Address          City          State   Zip

**⑤** Best time and way to reach you:   ANYTIME  WRITE

**⑥** Is the claimant under 18?   ☐ Yes   ☑ No   If YES, give date of birth: ☐ ☐ ☐
                                                                        MM   DD   YYYY

## Attorney or Representative Information

**⑦** GRAY          GREGORY          LEE
Last name      First Name      MI

**⑧** Tel: 

**⑨** Email: ⌀

**⑩** SAME AS ABOVE
Mailing Address          City          State   Zip

**⑪** Relationship to claimant:   N/A

## Claim Information

**⑫** Is your claim for a stale-dated warrant (uncashed check) or unredeemed bond?   ☐ Yes   ☑ No

State agency that issued the warrant:          If NO, continue to Step ⑬

Dollar amount of warrant:          Date of issue: 
                                                MM   DD   YYYY

Proceed to Step ㉒

**⑬** Date of Incident:   JUNE 18, 2007

Was the incident more than six months ago?   I'M NOT LATE, THEY ARE LATE ↓   ☑ Yes   ☐ No
If YES, did you attach a separate sheet with an explanation for the late filing?   ☑ Yes   ☐ No

**⑭** State agencies or employees against whom this claim is filed:
R. HERNANDEZ, WARDEN, E. MARRERO, CAPTAIN, K. STERLING (L.T.A), AND A.R. PETERSON
SENIOR LIBRARIAN, AND THE DIRECTOR OF CDCR (CALIFORNIA DEPT. OF CORRECTIONS).

**⑮** Dollar amount of claim:   $1.5 MILLION DOLLARS

If the amount is more than $10,000, indicate the type
of civil case:   FEDERAL CIVIL.

☐ Limited civil case ($25,000 or less)
☑ Non-limited civil case (over $25,000)

Explain how you calculated the amount:
MONETARY DAMAGES, PUNITIVE DAMAGES, INJUNCTIVE RELIEF DAMAGES, ETC.

**16** Location of the incident:

R. J. DONOVAN STATE PRISON FACILITY.

**17** Describe the specific damage or injury:

8TH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT.
FALSE IMPRISONMENT, FELONY MALICIOUS MISCHIEF, DEFAMATION OF CHARACTER,
KIDNAP, AND VIOLATION OF CDC § 3391 EMPLOYEE CONDUCT.

**18** Explain the circumstances that led to the damage or injury:

ON JUNE 18, 2007, I WAS GIVEN A 114D AND PLACED IN RJDCF AD SEG FOR UNLAWFUL
INFLUENCE/EXTORTION, CCR § 3013 AGAINST L. STERLING & A.R. PETERSON, ON 7-27-2007, I WAS
FOUND INNOCENT OF ALL CHARGES AND RELEASED BACK TO GENERAL POPULATION.

**19** Explain why you believe the state is responsible for the damage or injury:

BECAUSE IT IS A CRIME TO CHARGE A PERSON WITH A CRIME THAT THEY DID NOT COMMIT.

**20** Does the claim involve a state vehicle?   ☐ Yes   ☒ No

If YES, provide the vehicle license number, if known:

## Auto Insurance Information

**21**                          N/A

Name of Insurance Carrier

| Mailing Address | City | State | Zip |
|---|---|---|---|

| | |
|---|---|
| Policy Number: | Tel: |
| Are you the registered owner of the vehicle? | ☐ Yes   ☐ No |
| If NO, state name of owner: | |
| Has a claim been filed with your insurance carrier, or will it be filed? | ☐ Yes   ☐ No |
| Have you received any payment for this damage or injury? | ☐ Yes   ☒ No |
| If yes, what amount did you receive? | |
| Amount of deductible, if any: | |
| Claimant's Drivers License Number: | Vehicle License Number: |
| Make of Vehicle: | Model: | Year: |
| Vehicle ID Number: | |

## Notice and Signature

**22** I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

Gregory Lee Gray                          1-13-2008

Signature of Claimant or Representative                    Date

**23** Mail the original and two copies of this form and all attachments with the $25 filing fee or the "Filing Fee Waiver Request" to: Government Claims Program, P.O. Box 3035, Sacramento, CA, 95812-3035. Forms can also be delivered to the Victim Compensation and Government Claims Board, 630 K Street, Sacramento.

## For State Agency Use Only

**24**

| | |
|---|---|
| Name of State Agency | Fund or Budget Act Appropriation No. |

| | |
|---|---|
| Name of Agency Budget Officer or Representative | Title |

| | |
|---|---|
| Signature | Date |

VCGCB-GC-002 (Rev. 8/04)

CALIFORNIA DEPARTMENT OF CORRECTIONS
HIGH DESERT STATE PRISON
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: MAR. 01, 2007 THRU DEC. 13, 2007

RECEIVED
Victim Compensation and Govt Claims Board

JAN 1 6 2008

Government Claims Div.

ACCOUNT NUMBER : J05459                BED/CELL NUMBER: FBB2T20000000213U
ACCOUNT NAME   : GRAY, GREGORY          ACCOUNT TYPE: I
PRIVILEGE GROUP: A

                         TRUST ACCOUNT ACTIVITY

        << NO ACCOUNT ACTIVITY FOR THIS PERIOD >>

                      CURRENT HOLDS IN EFFECT

| DATE PLACED | HOLD CODE | DESCRIPTION | COMMENT | HOLD AMOUNT |
|-------------|-----------|-------------|---------|-------------|
| 12/03/2007 | H109 | LEGAL POSTAGE HOLD | 2416 11/28 | 0.41 |
| 12/03/2007 | H109 | LEGAL POSTAGE HOLD | 2416 11/28 | 0.41 |

                   * RESTITUTION ACCOUNT ACTIVITY

DATE SENTENCED: 05/23/97                CASE NUMBER: *9700329
COUNTY CODE: *CC                        FINE AMOUNT: $  1,000.00

| DATE | TRANS. | DESCRIPTION | TRANS. AMT. | BALANCE |
|------|--------|-------------|-------------|---------|
| 03/01/2007 | | BEGINNING BALANCE | | 1,000.00 |
| 11/14/07 | SU01 | SYS TRNSF - POS | 61.27- | 938.73 |
| 11/14/07 | SU03 | SYS UPDATE - POS | 6.39- | 932.34 |

                   * RESTITUTION ACCOUNT ACTIVITY

DATE SENTENCED: 05/23/97                CASE NUMBER: 9700329
COUNTY CODE: CC                         FINE AMOUNT: $  5,000.00

| DATE | TRANS. | DESCRIPTION | TRANS. AMT. | BALANCE |
|------|--------|-------------|-------------|---------|
| 03/01/2007 | | BEGINNING BALANCE | | 4,870.86 |
| 11/14/07 | SU01 | SYS TRNSF - POS | 150.32- | 4,720.54 |

HIGH DESERT STATE PRISON
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: MAR. 01, 2007 THRU DEC. 13, 2007

ACCT: J05459     ACCT NAME: GRAY, GREGORY           ACCT TYPE: I

    * THIS STATEMENT DOES NOT REFLECT THE ADMINISTRATIVE FEE CHARGE THAT *
    * IS EQUAL TO TEN PERCENT OF THE RESTITUTION AMOUNT COLLECTED.       *

                    TRUST ACCOUNT SUMMARY

| BEGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 0.82 | 0.00 |

CURRENT
AVAILABLE
BALANCE
---------------
0.82-
---------------

State of California                                                Department of Corrections and Rehabilitation

# Memorandum

RECEIVED
Victim Compensation and Govt Claims Board

JAN 1 6 2008

Government Claims Div

Date:      November 2, 2007

To:        Gray, G.
           J05459
           Richard J. Donovan Correctional Facility

Subject:   **SECOND LEVEL APPEAL RESPONSE**      **LOG NO.:**      **RJD 07-2380**

ISSUE:

The appellant is submitting this appeal relative to the Rules Violation Reports (RVR)
(CDC-115), Log # F3-07-0218 and Log # F3-07-0245, which were discovered on
June 16, 2007 and June 28, 2007. The specific charge was for violating the California
Code of Regulations (CCR), Title 15, Section 3013), Unlawful Influence/Extortion. It is
the inmate's position that staff fabricated the allegations in their reports, which cost him
his job and placed him in Administrative Segregation. On July 29, 2007, both hearings
were conducted and the appellant was found not guilty and the charges were dismissed.

The appellant's requested remedy is that he is awarded $1.5 million dollars for violating
his constitutional rights.

**INTERVIEWED BY:**      Waived in accordance of California Code of Regulations
                        (CCR), Title 15, Section 3084.5 (f) (3) (A)

**REGULATIONS:**        The rules governing this issue are:

                        California Penal Code Section 2932. Denial of time credits;
                        grounds; limitations; procedure; effect; review; criminal
                        prosecution; notice to prisoner.

                        CCR, Title 15:

                        Section 3013 - Unlawful Influence

                        Section 3312 – Disciplinary Methods

A review of the "Effective Communication List for Inmates With Test of Adult Basic
Education Reading Scores of 4.0 or Less" reveals that the inmate does not require
assistance in order to achieve effective communication.

On September 20, 2007, this appeal was processed as a staff complaint as depicted in
Administrative Bulletin #05-03 – Processing of Adult Inmate/Parolee Appeals, which
Allege Staff Misconduct. The appeal was reviewed and processed in accordance with the
normal appeals process by the Hiring Authority or designee.

GRAY, G., J05459
CASE NO. 07- 2380
PAGE 2

Upon reviewing both RVR's, Log # F3-07-0218 and Log # F3-07-0245, the appellant's hearings were held on July 29, 2007 and both cases were subsequently dismissed based on the facts presented.

Upon reviewing of the evidence, both RVR's were authored and generated in good faith as there was physical evidence discovered, in which the appellant was asking for money from both staff members. Based on their belief that money was being demanded, two RVR's were written as required by CCR, Title 15, Section 3312, Disciplinary Methods, which states in part, "*Rules Violation Report: When misconduct is believed to be a violation of law or is not minor in nature, it shall be reported on a CDC Form 115, Rules Violation Report.*" The appellant was provided will his "due process" rights, relative to the violations, and subsequently prevailed with "not guilty" verdicts.

The appellant has failed provide any evidence to substantiate that staff maliciously affected his welfare through false documentation. The appellant only requested remedy is that of a monetary award of $1.5 million dollars has been denied.

**APPEAL DECISION:** The appeal is denied at the Second Level of Review.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

Silvia H. Garcia
Chief Deputy Warden
California Department of Corrections and Rehabilitation
Richard J. Donovan Correctional Facility



Victim Compensation & Government Claims Board



STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95811
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95812
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson
JOHN CHIANG
State Controller
Board Member
MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member
KAREN McGAGIN
Executive Officer

Gregory Gray J05459
P.O. Box 3030
Susanville, CA  96127

January 23, 2008

RE:  Claim G572682 for Gregory Gray, J05459

Dear Gregory Gray,

The Victim Compensation and Government Claims Board (VCGCB) received your claim on January 14, 2008.

Based on its review of your claim, Board staff believes that the court system is the appropriate means for resolution of these claims, because the issues presented are complex and outside the scope of analysis and interpretation typically undertaken by the Board. The claim has been placed on the consent agenda.  The VCGCB will act on your claim at the February 21, 2008 hearing. You do not need to appear at this hearing. The VCGCB's rejection of your claim will allow you to initiate litigation should you wish to pursue this matter further.

If you have questions about this matter, please mention letter reference 99 and claim number G572682 when you call or write your claim technician/analyst at (800) 955-0045.

Sincerely,

Government Claims Program
Victim Compensation and Government Claims Board

cc:  B-23 Corrections and Rehabilitation, Attn: Donna Corbin

     Ltr 99 Complex Issue Reject



**CALIFORNIA VCGCB**
Victim Compensation & Government Claims Board

STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95811
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95812
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson
JOHN CHIANG
State Controller
Board Member
MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member
KAREN McGAGIN
Executive Officer

Gregory Gray J05459
P.O. Box 3030
Susanville, CA 96127

February 29, 2008

RE: Claim G572682 for Gregory Gray, J05459

Dear Gregory Gray,

The Victim Compensation and Government Claims Board rejected your claim at its hearing on
February 21, 2008.

If you have questions about this matter, please mention letter reference 123 and claim number G572682 when
you call or write your claim technician or analyst at (800) 955-0045.

Sincerely,


Laura Alarcòn,  Program Manager
Government Claims Program
Victim Compensation and Government Claims Board

cc:  B-23 Corrections and Rehabilitation, Attn: Donna Corbin

                                    Warning
Subject to certain exceptions, you have only six months from the date this notice was personally delivered or
deposited in the mail to file a court action on this claim.   See Government Code Section 945.6.  You may seek
the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you
should do so immediately.

                              * * * * * * * * *

It is not necessary or proper to include the Victims Compensation and Government Claims Board  (Board) in
your court action unless the Board was identified as a defendant in your original claim.  Please consult
Government Code section 955.4 regarding proper service of the summons.

Ltr 123 Claim Rejection

# EXHIBIT 



## Plaintiff's Claim and ORDER to Go to Small Claims Court

**Clerk stamps date here when form is filed.**

F I L E D
Clerk of the Superior Court
AUG 1 6 2007
08/16/2007
By: T. Cook, Deputy

### Notice to the person being sued:

- You are the Defendant if your name is listed in ② on page 2 of this form. The person suing you is the Plaintiff, listed in ① on page 2.
- You and the Plaintiff must go to court on the trial date listed below. If you do not go to court, you may lose the case.
- If you lose, the court can order that your wages, money, or property be taken to pay this claim.
- Bring witnesses, receipts, and any evidence you need to prove your case.
- Read this form and all pages attached to understand the claim against you and to protect your rights.

### Aviso al Demandando:

- Usted es el Demandado si su nombre figura en ② de la página 2 de este formulario. La persona que lo demanda es el Demandante, la que figura en ① de la página 2.
- Usted y el Demandante tienen que presentarse en la corte en la fecha del juicio indicada a continuación. Si no se presenta, puede perder el caso.
- Si pierde el caso la corte podría ordenar que le quiten de su sueldo, dinero u otros bienes para pagar este reclamo.
- Lleve testigos, recibos y cualquier otra prueba que necesite para probar su caso.
- Lea este formulario y todos las páginas adjuntas para entender la demanda en su contra y para proteger sus derechos.

**Fill in court name and street address:**

Superior Court of California, County of
San Diego
8950 Clairemont Mesa Blvd
San Diego, CA 92123

**Clerk fills in case number and case name.**

Case Number:
37-2007-00014605-SC-SC-CTL

Case Name:
Gray vs. Sterling

## Order to Go to Court

**The people in ① and ② must go to court on:** *(Clerk fills out section below.)*

| Trial Date | | Date | Time | Department | Name and address of court if different from above |
|---|---|---|---|---|---|
| | 1. | 10/19/2007 | 10:45:00 AM | KM-2 | |
| | 2. | WRITTEN REQUEST FOR CONTINUANCE MUST INCLUDE A $10.00 FEE AND BE SUBMITTED AT LEAST 10 DAYS BEFORE TRIAL | | | |
| | 3. | | | | |

Date: _____ 08/16/2007 _____    Clerk by: T. Cook / Terean Cook _____ , Deputy

### Instructions for the person suing:

- You are the Plaintiff. The person you are suing is the Defendant.
- *Before* you fill out this form, read Form SC-150, *Information for the Plaintiff (Small Claims )*, to know your rights. Get SC-150 at any courthouse or county law library, or go to: www.courtinfo.ca.gov/forms
- Fill out pages 2 and 3 of this form. Then make copies of all pages of this form. (Make 1 copy for each party named in this case and an extra copy for yourself.) Take or mail the original and these copies to the court clerk's office and pay the filing fee. The clerk will write the date of your trial in the box above.
- You must have someone at least 18—not you or anyone else listed in this case—give each Defendant a court-stamped copy of all 5 pages of this form and any pages this form tells you to attach. There are special rules for "serving", or delivering, this form to public entities, associations, and some businesses. See Forms SC-104, SC-104B, and SC-104C.
- Go to court on your trial date listed above. Bring witnesses, receipts, and any evidence you need to prove your case.

Judicial Council of California, www.courtinfo.ca.gov
Rev. January 1, 2007, Mandatory Form
Code of Civil Procedure, §§ 116.110 et seq.,
116.220(c), 116.340(g)

**Plaintiff's Claim and ORDER to Go to Small Claims Court (Small Claims)**

SC-100, Page 1 of 5
→

1

Plaintiff (list names): Gregory Lee Gray

| Case Number: |
| --- |
| 37-2007-00014605-SC-SC-CTL |

**①  The Plaintiff (the person, business, or public entity that is suing) is:**

Name: Gregory Lee Gray _____  Phone: _____

Street address: RJDCF,F2,B-7  P O Box, San Diego, CA 92179 _____
<span></span>           Street                                    City              State     Zip

Mailing address *(if different):* _____
<span></span>                          Street                                    City              State     Zip

**If more than one Plaintiff, list next Plaintiff here:**

Name: _____  Phone: _____

Street address: _____
<span></span>           Street                                    City              State     Zip

Mailing address *(if different):* _____
<span></span>                          Street                                    City              State     Zip

☐ *Check here If more than 2 Plaintiffs and attach Form SC-100A.*

☐ *Check here if either Plaintiff listed above is doing business under a fictitous name. If so, attach Form SC-103*

**②  The Defendant (the person, business, or public entity being sued) is:**

Name: K Sterling _____  Phone: _____

Street address: P O Box  799006, San Diego, CA 92179-9006 _____
<span></span>           Street                                    City              State     Zip

Mailing address *(if different):* C/O R.J. Donovan Corr. Facility
<span></span>                          P O Box  799006, San Diego, CA 92179-9006
<span></span>                          Street                                    City              State     Zip

**If more than one Defendant, list next Defendant here:**

Name: A. R. Peterson _____  Phone: _____

Street address: P O Box  79906, San Diego, CA 92179-9006 _____
<span></span>           Street                                    City              State     Zip

Mailing address *(if different):* C/O R. J. Donovan Corr Facility
<span></span>                          P O Box  79906, San Diego, CA 92179-9006
<span></span>                          Street                                    City              State     Zip

☒ *Check here If more than 2 Defendants and attach Form SC-100A.*

☐ *Check here If any Defendant is on active military duty, write his or her name here:* _____

**③  The Plaintiff claims the Defendant owes $ 6,665.14 _____ . (Explain below):**

a. Why does the Defendant owe the Plaintiff money?  R.J Donovan's staff and correctional facility

employees failed to provide plaintiff with an adequate law library. _____

b. When did this happen? *(Date):* _____

If no specific date, give the time period: Date started: __01/22/2007__  Through: __03/31/2007__

c. How did you calculate the money owed to you? *(Do not include court costs or fees for service.)*

On my pain & suffering chart $70.81 cents per day for 3 months. each defendant.

☐ *Check here if you need more space. Attach one sheet of paper or Form MC-031 and write "SC-100, Item 3" at the top.*

**Plaintiff's Claim and ORDER
to Go to Small Claims Court
(Small Claims)**

Plaintiff *(list names):* Gregory, Lee Gray

| Case Number: |
| --- |
| 37-2007-00014605-SC-SC-CTL |

---

④ **You must ask the Defendant (in person, in writing, or by phone) to pay you before you sue.**

**Have you done this?** ☒ Yes ☐ No

*if no, explain why not:* _____

---

⑤ **Why are you filing your claim at this courthouse?**

**This courthouse covers the area** *(check the one that applies):*

a. ☒ (1) Where the Defendant lives or does business.　(4) Where a contract (written or spoken) was made,
　　(2) Where the Plaintiff's property was damaged.　　signed, performed, or broken by the Defendant *or*
　　(3) Where the Plaintiff was injured.　　　　　　　where the Defendant lived or did business when
　　　　　　　　　　　　　　　　　　　　　　　　the Defendant made the contract.

b. ☐ Where the buyer or lessee signed the contract, lives now, or lived when the contract was made, if this claim is about an offer or contract for personal, family, or household goods, services, or loans. *(Code Civ. Proc., § 395(b).)*

c. ☐ Where the buyer signed the contract, lives now, or lived when the contract was made, if this claim is about a retail installment contract (like a credit card). *(Civil Code, § 1812.10.)*

d. ☐ Where the buyer signed the contract, lives now, or lived when the contract was made, or where the vehicle is permanently garaged, if this claim is about a vehicle finance sale.*(Civil Code, § 2984.4.)*

e. ☐ Other *(specify):* _____

_____

---

⑥ **List the zip code of the place checked in** ⑤ **above** *(if you know):* 92179

⑦ **Is your claim about an attorney-client fee dispute?** ☐ Yes ☒ No

*If yes, and if you have had arbitration, fill out Form SC-101, attach it to this form and check here:* ☐

⑧ **Are you suing a public entity?** ☐ Yes ☒ No

*If yes, you must file a written claim with the entity first.* ☐ *A claim was filed on (date):* _____
*If the public entity denies your claim or does not answer within the time allowed by law, you can file this form.*

⑨ **Have you filed more than 12 other small claims within the last 12 months in California?**

☐ Yes ☒ No *If yes, the filing fee for this case will be higher.*

⑩ **I understand that by filing a claim in small claims court, I have no right to appeal this claim.**

⑪ I have not filed, and understand that I cannot file, more than two small claims cases for more than $2,500 in California during this calendar year.

I declare, under penalty of perjury under California State Law, that the information above and on any attachments to this form is true and correct.

Date: 08/16/2007　　Gregory Lee Gray　　　　　　　**ORIGINAL SIGNATURE ON FILE**
　　　　　　　　　*Plaintiff types or prints name here*　　　　　　　*Plaintiff signs here*

Date: _____
　　　　　　　　　*Second Plaintiff types or prints name here*　　　*Second Plaintiff signs here*

**Requests for Accommodations**
Assistive listening systems, computer-assisted, real-time captioning, or sign language interpreter services are available if you ask at least 5 days before the trial. Contact the clerk's office for Form MC-410, *Request for Accommodations by Persons With Disabilities and Order. (Civil Code, § 54.8)*

---

**Plaintiff's Claim and ORDER
to Go to Small Claims Court
(Small Claims)**

| **SC-100A** | Other Plaintiffs or Defendants | Case Number:<br>37-2007-00014605-SC-SC-CTL |
|---|---|---|

[X] This form is attached to Form SC-100, Item 1 or 2.

**(1) If more than 2 Plaintiffs (person, business, or entity being sued), list their information below:**

Other Plaintiff's name: _____

Street address: _____ Phone: _____

City: _____ State: _____ Zip: _____

Mailing address (if different): _____

City: _____ State: _____ Zip: _____

 Is this Plaintiff doing business under a fictitious name?  [ ] Yes  [ ] No  If yes, attach Form SC-103.

Other Plaintiff's name: _____

Street address: _____ Phone: _____

City: _____ State: _____ Zip: _____

Mailing address (if different): _____

City: _____ State: _____ Zip: _____

 Is this Plaintiff doing business under a fictitious name?  [ ] Yes  [ ] No  If yes, attach Form SC-103.

[ ] Check here if more than 4 Plaintiffs and fill out and attach another Form SC-100A.

**(2) If more than 2 Defendants (person, business, or entity suing), list their information below:**

Other Defendant's name: Robert Hernandez _____

Street address: P O Box 79906 _____ Phone: _____

City: San Diego _____ State: CA _____ Zip: 92179-9006

Mailing address (if different):  C/O R. J. Donovan Corp Fac  P O Box 79906

City: San Diego _____ State: CA _____ Zip: 92179-9006

Other Defendant's name: E Marrero _____

Street address: P O Box 799006 _____ Phone: _____

City: San Diego _____ State: CA _____ Zip: 92179-9006

Mailing address (if different):  C/O R. J. Donovan Corr. Fac.  P O Box 799006

City: San Diego _____ State: CA _____ Zip: 92179-9006

[ ] Check here if more than 4 Defendants and fill out and attach another Form SC-100A.

**(3) I understand that by filing a claim in small claims court, I have no right to appeal this claim.**

**(4) I have not filed, and understand that I cannot file, more than two small claims cases for more than $2,500 in California during this calendar year.**

I declare, under penalty of perjury under California State law, that the information above and on any attachments to this form is true and correct.

Date: _____    _____    _____
                    Type or print your name         Sign your name

Date: _____    _____    _____
                    Type or print your name         Sign your name

Judicial Council of California, www.courtinfo.ca.gov<br>Revised January 1, 2007, Mandatory Form<br>Code of Civil Procedure, §116.110 et seq.

**Other Plaintiffs or Defendants**                SC-100A,  Page: 6

**(Attachment to Plaintiff's Claim and ORDER to go to Small Claims Court)**

## SC-100    Information for the Defendant (the person being sued)

**"Small claims court"** is a special court where claims for $5,000 or less are decided. A "natural person" (not a business or public entity) may claim up to $7,500. The process is quick and cheap. The rules are simple and informal.
You are the Defendant -- the person being sued. The person who is suing you is the Plaintiff

### Do I need a lawyer?
You may talk to a lawyer before or after the case. But you *may not* have a lawyer represent you in court (unless this is an appeal from a small claims case).

### How do I get ready for court?
You don't have to file any papers before your trial, unless you think this is the wrong court for your case. But bring to your trial any witnesses, receipts, and any evidence that supports your case. And read "Get Ready for Court" at: *www.courtinfo.ca.gov/selfhelp/smallclaims/getready.htm*

### What if I need an accommodation?
If you have a disability or are hearing impaired, fill out Form MC-410, *Request for Accommodations.* Give the form to your court clerk or the ADA/Access Coordinator.

### What if I don't speak English well?
Ask the clerk if the court can give you an interpreter for free. If not, bring someone—like an adult relative or friend—who can interpret for you in court. It is best if your interpreter is not a witness or listed in this case. Or ask the clerk for a list of interpreters.(Interpreters usually charge a fee.)

### Where can I get the court forms I need?
Go to any courthouse or your county law library, or print forms at: *www.courtinfo.ca.gov/forms*

### What happens at the trial?
The judge will listen to both sides. The judge may make a decision at your trial or mail the decision to you later.

### What if I lose the case?
If you lose, you can appeal. You'll have to pay a fee. (Plaintiffs cannot appeal their own claims.)

* If you were at the trial, file Form SC-140, *Notice of Appeal.* You must file within 30 days after the judge's decision.

* If you were *not* at the trial, fill out and file Form SC-135, *Notice of Motion to Vacate Judgment and Declaration,* to ask the judge to cancel the judgment (decision). If the judge does not give you a new trial, you have 10 days to appeal the decision. File Form SC-140.

For more information on appeals, see: *www.courtinfo.ca.gov/selfhelp/smallclaims/appeal.htm*

### Do I have options?
Yes. If you are being sued, you can:

* **Settle your case before the trial.** If you and the Plaintiff agree on how to settle the case, both of you must notify the court. Ask the Small Claims Advisor for help.

* **Prove this is the wrong court.** Send a letter to the court *before* your trial, explaining why you think this is the wrong court. Ask the court to dismiss the claim. You must serve (give) a copy of your letter (by mail or in person) to all parties. (Your letter to the court must say you have done this.)

* **Go to the trial and try to win your case.** Bring witnesses, receipts, and any evidence you need to prove your case. To make sure the witnesses go to the trial, fill out Form SC-107 and the clerk will subpoena (order) them to go.

* **Sue the person who is suing you.** File Form SC-120, *Defendant's Claim.* There are strict filing deadlines you must follow.

* **Agree with the Plaintiff's claim and pay the money.** Or, if you can't pay the money now, go to your trial and say you want to make payments.

* **Let the case "default."** If you don't settle and do not go to the trial (default), the judge may give the Plaintiff what he or she is asking for plus court costs. If this happens, the Plaintiff can legally take your money, wages, and property to pay the judgment.

### What if I need more time?
You can change the trial date if:

* You cannot go to court on the scheduled date (you will have to pay a fee to postpone the trial), *or*

* You did not get served (receive this order to go to court) at least 15 days before the trial (or 20 days if you live outside the county), *or*

* You need more time to get an interpreter. One postponement is allowed, and you will not have to pay a fee to delay the trial.

Ask the Small Claims Clerk about the rules and fees for postponing a trial. Or fill out Form SC-110 (or write a letter) and mail it to the court *and* to all other people listed on your court papers before the deadline. Enclose a check for your court fees, unless a fee waiver was granted.

 **Need help?**
Your county's Small Claims Advisor can help for free.

Hotline: (619) 236-2471
East Division: 250 East Main Street, El Cajon, CA 92020
Central Division: 8950 Clairemont Mesa Blvd, San Diego, CA 92123
North Division: 325 S. Melrose Drive, Vista, CA 92081
South Division: 500 3rd Ave, Chula Vista, CA 91910

Or go to "County-Specific Court Information" at:
*www.courtinfo.ca.gov/selfhelp/smallclaims*

Rev. January 1, 2007    **Plaintiff's Claim and ORDER to Go to Small Claims Court**
**(Small Claims)**    SC-100, Page 4 of 5 →

4

## SC-100    Información para el demandado (la persona demandada)

La "Corte de reclamos menores" es una corte especial donde se deciden casos por $5,000 ó menos. Una "persona natural" (que no sea un negocio ni una entidad pública) puede reclamar hasta $7,500. El proceso es rápido y barato. Las reglas son sencillas e informales.
Usted es el Demandado — la persona que se está demandando. La persona que lo está demandando es el Demandante.

### ¿Necesito un abogado?
Puede hablar con un abogado antes o después del caso. Pero *no puede* tener a un abogado que lo represente ante la corte (a menos que se trate de una apelación de un caso de reclamos menores).

### ¿Cómo me preparo para ir a la corte?
No tiene que presentar ningunos papeles antes del juicio, a menos que piense que ésta es la corte equivocada para su caso. Pero lleve al juicio cualquier testigos, recibos, y cualquier pruebas que apoyan su caso. Y Lea "Prepárese para la corte" en: *www.courtinfo.ca.gov/selfhelp/espanol/reclamosmenores/ prepararse.htm*

### ¿Qué hago si necesito una adaptación?
Si tiene una discapacidad o tiene impedimentos de audición, llene el formulario MC-410, *Request for Accomodations*. Entregue el formulario al secretario de la corte o al Coordinador de Acceso/ADA de su corte.

### ¿Qué pasa si no hablo bien inglés?
Pregúntele al secretario si la corte le puede dar un intérprete sin costo. Si no, lleve consigo a alguien—sea un pariente adulto o amigo- que pueda servirle de intérprete en la corte. O pide del secretario una lista de intérpretes. Es mejor que su intérprete no sea un testigo ni una persona que figure en este caso. (Los intérpretes en general cobran un honorario.)

### ¿Dónde puedo obtener los formularios de la corte que necesito?
Vaya a cualquier edificio de la corte, la biblioteca legal de su condado o imprima los formularios en: *www.courtinfo.ca.gov/forms*

### ¿Qué pasa en el juicio?
El juez escuchará a ambas partes. El juez puede tomar su decisión durante la audiencia o enviársela por correo después.

### ¿Qué pasa si pierdo el caso?
Si pierde, puede apelar. Tendrá que pagar una cuota. (El Demandante no puede apelar su propio reclamo.)
- Si estuvo presente en el juicio, llene el formulario SC-140, *Aviso de apelación*. Tiene que presentarlo dentro de 30 días después de la decisión del juez.
- Si *no* estuvo en el juicio, llene y presente el formulario SC-135, *Aviso de petición para anular el fallo y Declaración* para pedirle al juez que anule el fallo (decisión). Si la corte no le otorga un nuevo juicio, tiene 10 días para apelar la decisión. Presente el formulario SC-140.

Para obtener más información sobre las apelaciones, vea: *www.courtinfo.ca.gov/selfhelp/espanol/reclamosmenores/ apelar.htm*

### ¿Tengo otras opciones?
Sí. Si lo están demandando, puede:
- **Resolver su caso antes del juicio.** Si usted y el Demandante se ponen de acuerdo en resolver el caso, ambos tienen que notificar a la corte. Pídale al Asesor de Reclamos Menores que lo ayude.
- **Probar que es la corte equivocada.** Envíe una carta a la corte *antes* del juicio explicando por qué cree que es la corte equivocada. Pídale a la corte que despida el reclamo. Tiene que entregar (dar) una copia de su carta (por correo o en persona) a todas las partes. (Su carta a la corte tiene que decir que hizo la entrega.)
- **Ir al juicio y tratar de ganar el caso.** Lleve testigos, recibos y cualquier prueba que necesite para probar su caso. Para asegurarse que los testigos vayan al juicio, llene el formulario SC-107 y el secretario emitirá una orden de comparecencia ordenándoles que se presenten.
- **Demandar a la persona que lo demandó.** Presente el formulario SC-120, Reclamo del demandado. Hay fechas límite estrictas que debe seguir.
- **Aceptar el reclamo del Demandante y pagar el dinero.** O, si no puede pagar en ese momento, vaya al juicio y diga que quiere hacer los pagos.
- **No ir al juicio y aceptar el fallo por falta de comparecencia.** Si no llega a un acuerdo con el Demandante y no va al juicio (fallo por falta de comparecencia), el juez le puede otorgar al Demandante lo que está reclamando más los costos de la corte. En ese caso, el Demandante legalmente puede tomar su dinero, su sueldo o sus bienes para cobrar el fallo.

### ¿Qué hago si necesito más tiempo?
Puede cambiar la fecha del juicio si:
- No puede ir a la corte en la fecha programada (Tendrá que pagar una cuota para aplazar el juicio), o
- No le entregaron los documentos legalmente (no recibió la orden para ir a la corte) por lo menos 15 días antes del juicio (ó 20 días si vive fuera del condado), o
- Necesita más tiempo para conseguir intérprete. (Se permite un solo aplazamiento sin tener que pagar cuota para aplazar el juicio).

Pregúntele al secretario de reclamos menores sobre las reglas y las cuotas para aplazar un juicio. O llene el formulario SC-110 (o escriba una carta) y envíelo antes del plazo a la corte y a todas las otras personas que figuran en sus papeles de la corte. Adjunte un cheque para pagar los costos de la corte, a menos que le hayan dado una exención.

 **¿Necesita ayuda?** El Asesor de Reclamos Menores de su condado le puede ayudar sin cargo.

Hotline: (619) 236-2471
East Division: 250 East Main Street, El Cajon, CA 92020
Central Division: 8950 Clairemont Mesa Blvd, San Diego, CA 92123
North Division: 325 S. Melrose Drive, Vista, CA 92081
South Division: 500 3rd Ave, Chula Vista, CA 91910

O vea "Información por condado" en:
*www.courtinfo.ca.gov/selfhelp/espanol/reclamosmenores*

Rev. January 1, 2007    **Reclamo del Demandante y ORDEN**    SC-100, Page 5 of 5
**Para ir a la Corte de Reclamos Menores**
**(Reclamos Menores)**

5

## PROOF OF SERVICE BY PERSON IN STATE CUSTODY

     I the undersigned, hereby declare that I am over the age of eighteen (18), and that I am incarcerated at High Desert State Prison in Susanville, California, that [X] I am [ ] am not a party to this action, and that on the _22th_ day of _JUNE_ , 200_8_ , I served a true and complete copy of the following:

```
(
(                          CIVIL COMPLAINT.                      )
(                                                                )
(                                                                )
(                                                                )
(                                                                )
(_____)
```

by handing it to institutional staff with First Class Postage prepaid in full for mailing to the following address(s):

```
( U.S. DISTRICT COURT                                           )
( SOUTHERN DISTRICT OF CALIFORNIA                               )
( OFFICE OF THE CLERK                                           )
( 880 FRONT STREET,SUITE 4290                                   )
( SAN DIEGO,CALIFORNIA                                          )
(               92101-8900.                                     )
(                                     /                         )
(_____)
```

     I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON _____JUNE 22, 2008_____ , in Susanville, California.


GREGORY LEE GRAY      _Gregory Lee Gray_
  (Print Name)            (Signature)

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

**Gregory Lee Gray**

**DEFENDANTS**

**John Doe, et al.**

FILING FEE PAID
Yes    No
IFP MOTION FILED
Yes    No
COPIES SERVED
Court    Pro Se

FILED
2008 JUN 26 PM 3:31
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Lassen
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Gregory Lee Gray
PO Box 3030
Susanville, CA 96127
J-05459

**ATTORNEYS (IF KNOWN)**

'08 CV 1147 JM LSP

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

### 42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Electmant | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding
☐ 2 Removal from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $   Check YES only if demanded in complaint:   JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**  JUDGE   Docket Number

DATE   6/26/2008   SIGNATURE OF ATTORNEY OF RECORD
R Melley