# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LEE GRAY,<br><br>                                     Plaintiff,<br>    v.<br><br>ROBERT HERNANDEZ et al.,<br><br>                                    Defendants. | CASE NO. 08 CV 1147 JM (AJB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATIONS**<br><br>**Doc. Nos. 14 and 26** |

      Plaintiff Gregory Lee Gray ("Plaintiff"), a state prisoner appearing *pro se* and *in forma pauperis*, initiated this action under 42 U.S.C. § 1983 on June 26, 2008, claiming his civil rights were violated in June 2007 when he was housed at R.J. Donovan State Prison. (Doc. No. 1, "Compl.") Named defendants Hernandez, Marrero, Sterling, and Peterson, move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. No. 14, "Mot.") Plaintiff filed an opposition to the motion. (Doc. No. 22.)

      On May 13, 2009, Magistrate Judge Leo S. Papas issued a Report and Recommendations (Doc. No. 26, "R&R") recommending this court GRANT in part and DENY in part the motion to dismiss. Plaintiff and Defendants each filed objections to the R&R. (Doc. No. 28, "Pl. Obj."; Doc. No. 30, "Defs.' Obj.") Plaintiff also submitted a reply to Defendants' objections. (Doc. No. 33, "Pl. Reply.")

      Having carefully considered the thorough and thoughtful R&R, the record before the court, Plaintiff's and Defendants' objections, and the applicable authorities, the court wholly **ADOPTS THE R&R.**

## I. Background

On January 22, 2007, while housed at Donovan State Prison, Plaintiff filed a grievance against Defendants Hernandez, Marrero, Sterling, and Peterson, complaining they had denied him access to the law library and to the courts. (Compl. at 1.) Plaintiff's grievance and subsequent appeals were denied up to the third level of review. Plaintiff then filled out a SC-100 form in preparation for filing a suit in Small Claims Court against the same defendants. (Compl. at 3.) Prior to filing the suit, Plaintiff gave Defendants Sterling and Peterson each a note in which he informed them he was suing them for $1666.20 for denying him access to the law library and for failing to provide him with materials necessary to file legal papers. (Id.) In the note, Plaintiff offered to settle the suit for $200 from each defendant provided the funds were not applied toward any restitution he owed. (Id.)

Rather than responding to the "offer," Defendants Sterling and Peterson filed rule violation charges against Plaintiff, stating Plaintiff attempted to extort money from them in an unlawful manner in violation of California Code of Regulations ("CCR") § 3013, and they were concerned for their safety and security. (Compl., Exh. A.) On June 18, 2007, Plaintiff was charged with extortion and placed in Administrative Segregation ("Ad Seg") by Defendant Marrero pending an investigation. (Id. at 3.) Plaintiff contends Defendants filed the charges and placed him in Ad Seg to prevent him from filing his Small Claims Court action. On July 29, 2007, following an internal investigation and evidentiary hearing, Plaintiff was found not guilty of any Rules violations and the charges were dismissed. On August 16, 2007, Plaintiff filed his Small Claims Court lawsuit. (Compl. at 5.) He was ultimately released from Ad Seg on August 22, 2007 after completion of the Chief Disciplinary Officer's review of the proceedings. (Compl., Exh. D.) Plaintiff was subsequently transferred to Mule Creek State Prison on October 2, 2007 and then to High Desert State Prison on November 14, 2007.

Plaintiff sought administrative review of the officers' conduct through the prison appeals process. (Compl., Exh. D.) Plaintiff's grievance was denied at the Second Level of Review and at the Director's Level. (Id.) The review reports concluded Defendants acted in good faith in filing their reports and in complying with CCR § 3312(a)(3), and there was no evidence Defendants had maliciously fabricated false charges against Plaintiff. (Id.)

Plaintiff alleges claims for violation of his constitutional rights under the First, Eighth, and

1 Fourteenth Amendments. He sues all defendants in their official and individual capacities, seeking
2 injunctive relief and actual and punitive damages.
3 //

### II. Legal Standard

The court reviews a magistrate judge's R&R according to the standards set forth in Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636. The court reviews *de novo* those portions of the report to which objection is made. United States v. Raddatz, 447 U.S. 667, 673-74 (1980). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

Fed. R. Civ. P. 12(b)(6) allows for dismissal of a claim in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1081). In evaluating a 12(b)(6) motion, the court must accept the complaint's allegations as true, and construe them in a light most favorable to the plaintiff. See Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995). The court should grant 12(b)(6) relief only where the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). At the same time, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

//

### III. Discussion

*A. Tardy Response to the Complaint*

In his objections, Plaintiff reiterates his position that Defendants' motion is moot because they responded to the Complaint outside the 20-day period set by Rule 12(a). However, Defendants waived service of process and were thus entitled to 60 days to reply under Rules 4(d)(3) and 12(a)(I)(A)(ii). Defendants' motion was timely filed.

*B. First Amendment Retaliation Claim*

Plaintiff alleges his rights under the First Amendment were violated when Defendants took retaliatory action against him by placing him in Ad Seg and subsequently transferring him from

1 Donovan State Prison in an attempt to halt his Small Claims Court lawsuit. Under <u>Rhodes v.</u>
2 <u>Robinson</u>, a valid retaliation claim must allege: (1) "a state actor took some adverse action against
3 an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the
4 inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a
5 legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005) (<u>citing</u>
6 <u>Resnick v. Hayes</u>, 213 F.3d 443, 449 (9th Cir. 2000)).

7 In spite of Defendants' argument that Plaintiff failed to adequately allege the fourth and fifth
8 elements under <u>Rhodes</u>, the R&R concluded all elements were satisfied. Defendants object to this
9 conclusion, once again contending the fourth and fifth elements are lacking. (Defs.' Obj. at 4-7).

10 To adequately plead the fourth element under <u>Rhodes</u>, a plaintiff must allege defendant's
11 conduct "would chill or silence a person of ordinary firmness from future First Amendment activities."
12 <u>Rhodes</u>, 408 F.3d at 569. Defendants contend placement in Ad Seg would not normally chill one's
13 rights because there are "specific appeal procedures that are afforded to inmates who are appealing
14 disciplinary matters" and that "inmates regularly file grievances and appeals while housed in
15 administrative segregation." (Defs.' Obj. at 6.) In support, Defendants point to the fact Plaintiff
16 continued his legal efforts from Ad Seg. As the R&R notes, Defendants cannot use the fact Plaintiff
17 actually employed the grievance process as evidence his exercise of his First Amendment rights was
18 not affected. <u>Rhodes</u>, 408 F.3d at 568. In addition, conduct by prison officials "need not be
19 particularly great in order to find that rights have been violated" and such conduct is actionable even
20 if it does not otherwise rise to the level of a distinct constitutional violation. <u>Thomas v. Carpenter</u>,
21 881 F.2d 828, 829-30 (9th Cir. 1989) (<u>citing</u> <u>Elrod v. Burns</u>, 427 U.S. 347, 359 n. 13 (1976)). The
22 Ninth Circuit has expressly held placement in Ad Seg can chill First Amendment activity. <u>Hines v.</u>
23 <u>Gomez</u>, 108 F.3d 265, 269 (9th Cir. 1997). Defendants attempt to distinguish <u>Hines</u>, in which a
24 prisoner's Ad Seg placement flowed from false accusations, whereas in this case, the placement was
25 the result of purportedly good faith accusations by the officers. (Defs.' Obj. at 4.) However, this court
26 is not bound by the conclusions regarding the officers' motives which were made during the prison's
27 internal review process. Construing the facts in a light most favorable to Plaintiff, the Complaint does
28 allege conduct that would have a chilling effect.

1  In the alternative, Plaintiff properly supported the fourth <u>Rhodes</u> element by alleging harm
2 "more than minimal." <u>Rhodes</u>, 408 F.3d at 567 n. 11. In their objections, Defendants argue Plaintiff
3 was not subjected to any measurable harm because Ad Seg conditions roughly approximate general
4 prison conditions and placement in Ad Seg is not inherently punitive. <u>See</u> 15 C.C.R. §§ 3341.5, 3343.
5 However, as mentioned in the R&R, Plaintiff need not plead harm that would rise to the level of a
6 separate constitutional violation in order to satisfy this element. The court agrees with the R&R's
7 finding that Plaintiff showed his exercise of First Amendment rights were chilled as a result of his
8 placement in Ad Seg and the resultant mental and financial harms he suffered.

9  To adequately plead the fifth <u>Rhodes</u> element, a plaintiff must show the action taken against
10 him did not reasonably advance a legitimate correctional goal. <u>Rhodes</u>, 408 F.3d at 567-68.
11 Considering the facts in a light favorable to Plaintiff, Magistrate Judge Papas concluded Plaintiff met
12 the pleading requirements with the allegation that Defendants filed false extortion charges against him
13 in order to prevent him from pursuing his Small Claims Court case. (R&R at 10.) In their objections,
14 Defendants again argue Defendants filed the charges against Plaintiff in good faith and were required
15 to place Plaintiff in Ad Seg as a result, pursuant to Cal. Code. Regs. 15 § 3335(a). (Defs.' Obj. at 5).
16 Defendants note Magistrate Judge Papas acknowledged the prison's reviews of Plaintiff's claim tended
17 to show Defendants acted with a legitimate purpose, and argue the R&R's contrary conclusion
18 improperly supplied Plaintiff with an essential element of his pleading. (Defs.' Obj. at 7-8.) As stated
19 above, this court is not bound by the conclusions of the prison's internal review process. Although
20 such evidence may ultimately bear on the strength of Plaintiff's claim, that claim is pled with enough
21 facts to survive a 12(b)(6) motion.

22  The court adopts the findings and conclusions of the R&R. Accordingly, Defendants' motion
23 to dismiss Plaintiff's First Amendment claim for retaliation is **DENIED**.

24  *C. Eighth Amendment Claim for Cruel and Unusual Punishment*

25  Plaintiff alleges Defendants violated his Eighth Amendment rights by placing him in Ad Seg
26 and thereby causing him to lose his PIA industry job, to face unhealthy conditions, and to endure
27 mental suffering. (Compl. at 6.) The R&R recommended this claim be dismissed as Plaintiff did not
28 allege: (1) any act or omission by Defendants resulting in a deprivation of Plaintiff's Eighth

1  Amendment rights; (2) any Defendants knew of an excessive risk to Plaintiff's health or safety; or (3)
2  any Defendants were deliberately indifferent to Plaintiff's health or safety. (R&R at 14.)  In his
3  objections, Plaintiff largely reiterates his previous arguments.  (Pl. Obj. at 7-10.)  In particular, he
4  offers that on July 25, 2007, he and other inmates suffered from severe stomach pain from eating
5  "poisonous" food and were not afforded medical treatment. (Id. at 9-10.)  On several different dates,
6  unnamed officers ignored his requests for medical treatment for unspecified illnesses. (Id. at 9-10.)
7  Plaintiff argues this deliberate indifference by the officers to his health concerns amounted to an
8  Eighth Amendment violation.

9  To properly allege an Eighth Amendment violation, a plaintiff must make both an "objective"
10 showing that a prison official's acts or omissions deprived him of the "minimal civilized measure of
11 life's necessities," and a "subjective" showing that the official acted with a "sufficiently culpable state
12 of mind." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (internal citations omitted).  In the
13 context of medical care, a prisoner must allege, at a minimum, "deliberate indifference" to his
14 "serious" medical needs.  Allegations of an inadvertent failure to provide adequate medical care
15 cannot sustain an Eighth Amendment claim. Wilson v. Seiter, 501 U.S. 294, 297 (1991).

16 Plaintiff asserts both of these elements were met when prison officials failed to properly
17 sterilize the dining area, and then failed to provide a doctor to treat Plaintiff for his subsequent illness.
18 (Pl. Obj. at 9-10.)  However, Plaintiff's Complaint lacks a sufficient factual basis to support this claim.
19 The Complaint mentions only a "sick" stomach, which from Plaintiff's "Pain and Suffering Chart,"
20 appears to have resolved on its own.  The few additional details offered in Plaintiff's objections are
21 neither part of the Complaint nor do they warrant a conclusion Plaintiff suffered any serious medical
22 crisis which required medical treatment.  In addition, Plaintiff alleges in conclusory fashion his
23 condition was so severe the officers could only have ignored his request for a doctor out of deliberate
24 indifference. (Pl. Obj. at 10.)  Notably, Plaintiff does not allege any of the named defendants tended
25 to him in Ad Seg.

26 The court adopts the findings and conclusions of the R&R that Plaintiff has not adequately
27 pled the objective or subjective facets of his Eighth Amendment claim.  Accordingly, Defendants'
28 motion to dismiss Plaintiff's Eighth Amendment claim for cruel and unusual punishment is

1 **GRANTED**.

2 *D. Fourteenth Amendment Claim for Denial of Due Process*

3  Plaintiff contends his due process rights under the Fourteenth Amendment were violated when he lost his prison laundry job, was placed in Ad Seg without prior proceedings, and was transferred to another facility. (Compl. at 8.) The R&R examined each aspect of Plaintiff's due process claim and recommended the claim be dismissed. (R&R at 13-14.) Plaintiff objects to each finding, arguing he has liberty interests in each deprivation sufficient to sustain a Due Process claim. (Pl. Obj. at 11-14.)

 "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Board of Regents v. Roth, 408 U.S. 564, 569 (1972). While state statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections, the instances in which due process can be invoked are significantly limited. In fact, the Supreme Court "refocused the test for determining the existence of a liberty interest away from the wording of prison regulations and toward an examination of the hardship caused by the prison's challenged action relative to 'the basic conditions' of life as a prisoner." Mitchell v. Dupnik, 75 F.3d 517, 522 (9th Cir. 1996). As concluded by the R&R, none of the alleged deprivations present a liberty interest meeting this standard.

 1.  Prison Employment

 Despite Plaintiff's arguments to the contrary, he has no liberty or property interest in prison employment. See Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 846 (9th Cir. 1985) (finding no constitutionally protected interest in a work furlough program); Rhodes, 452 U.S. at 348; Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir. 1982). Not every "grievous loss" suffered at the hands of the state will require the procedural protection of constitutional due process. Baumann, 754 F.2d at 843. Although Plaintiff acknowledges prison employment is not guaranteed, he argues prison regulations afford him a "reasonable opportunity" to participate in employment programs and he was unfairly denied this opportunity. (Pl. Obj. at 12.) Nevertheless, due process protections attach only if prison policy establishes a right to prison employment. The only statute cited by Plaintiff, Cal. Penal Code § 2933, simply delegates broad authority to the Director of Corrections to allocate

worktime resources between categories of prisoners. The court agrees with the R&R that Plaintiff's loss of prison employment does not invoke the protections of the due process clause.

2. Placement in Administrative Segregation

Plaintiff has no constitutionally protected interest in remaining free from administrative segregation. Sandin v. Conner, 515 U.S. 472, 485-86 (1995). Pursuant to Sandin, a plaintiff must asserts facts related to the conditions or consequences of his placement in Ad Seg which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." Id. at 486. A plaintiff must assert a "dramatic departure" from the standard conditions of confinement before due process concerns are implicated. Id. at 485; see also Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir. 1996). Plaintiff asserts his Ad Seg placement forced him to endure: (1) 24 hour lock-down; (2) lack of medical treatment; (3) only one shower every three days; (4) poisonous food; and (5) lack of exercise. (Pl. Obj. at 13.) In his objections, Plaintiff contends these conditions meet the "dramatic departure" standard. However, that Ad Seg conditions do not mimic those afforded the general population does not trigger due process concerns. In fact, "[t]he transfer to less amenable quarters for nonpunitive reasons is ordinarily contemplated by a prison sentence.[1] Sandin, 515 U.S. at 479. The court agrees with and adopts the conclusions of the R&R.

3. Transfer to Another Facility

As set forth in the R&R, Plaintiff has no liberty interest in being housed at a particular institution. Wilkinson v. Austin, 545 U.S. 209, 223 (2005). In his objections, Plaintiff again contends he was transferred against his will in an attempt to stop his small claims court lawsuit, and that the transfer caused harm to his "life, liberty, and property." (Pl. Obj. at 13.) As discussed above, the alleged effect of Plaintiff's transfer on his lawsuit is properly addressed within the context of his First Amendment claim. Prisoners may pursue a retaliation claim without establishing "an independent constitutional interest." Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). The transfer, standing alone, does not amount to a due process violation.

In sum, the court therefore adopts the findings of the R&R and **GRANTS** Defendants' motion

---

[1] The only condition Plaintiff alleges that would raise concern is his assertion that he was fed poisonous food. Plaintiff offers no facts to support this allegation. Presumably it relates to Plaintiff's assertion that the tables were not properly sterilized.

1 to dismiss Plaintiff's Fourteenth Amendment claim.

2 *E. Sixth Amendment Claim*

3 To the extent Defendants construed a Sixth Amendment claim from Plaintiff's Complaint, they moved the court to dismiss it. Plaintiff concedes he mentioned the Sixth Amendment only in the context of his Small Claims Court complaint and the events leading up to it. He did not intend to state a separate claim for Sixth Amendment violations here. The motion to dismiss is therefore **DENIED** as moot.

*F. Eleventh Amendment Immunity*

The Eleventh Amendment prohibits damages actions against state officials acting in their official capacities. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). In his Complaint, Plaintiff clearly intends to sue each defendant in his or her official capacity. The R&R properly concluded Eleventh Amendment immunity applies to the damages aspect of Plaintiff's claims against Defendants in their official capacities.[2] Accordingly, Defendants' motion to dismiss is **GRANTED** as to this aspect of Plaintiff's claims.

*G. Qualified Immunity*

Defendants Sterling, Peterson, and Marrero move to dismiss Plaintiff's claims for civil damages against them in their individual capacities. Defendants argue they are entitled to qualified immunity because their conduct did not violate any clearly-established right under the circumstances in which they acted. (Mot. at 14.) Applying the two-step analysis of Saucier v. Katz, 533 U.S. 194, 201 (2001), as modified by Pearson v. Callahan, 192 S.Ct. 808 (2009), the R&R determined Plaintiff satisfied the first prong with his First Amendment retaliation claim, and the second prong with allegations Defendants knew he was simply trying to settle his claim against them. (R&R at 22.) The R&R concludes Defendants are not entitled to qualified immunity as to Plaintiff's First Amendment claim.

In their objections, Defendants contend Plaintiff's First Amendment claim fails and therefore cannot be used to satisfy the first prong under Saucier. Defendants also argue the R&R improperly

---

[2] The case cited by Plaintiff in his objections, Hayes v. Faulkner County, 388 F.3d 669, 675 (8th Cir. 2004) is a qualified immunity case rather than an Eleventh Amendment immunity case.

1  relies on Plaintiff's version of events rather than the results of the internal appeals process which
2  found the officers had acted in good faith. (Defs.' Obj. at 10.)  The court addressed these arguments
3  to Plaintiff's advantage above.  See Pratt, 65 F.3d at 806 ("the prohibition against retaliatory
4  punishment is 'clearly established law' in the Ninth Circuit, for qualified immunity purposes.") (citing
5  Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995).  At this stage, construing the Complaint
6  in a light favorable to Plaintiff, particularly as a *pro se* litigant, the court adopts the R&R's conclusion
7  that Defendants are not entitled to a favorable motion to dismiss ruling.  Defendants' motion to
8  dismiss on qualified immunity grounds is **DENIED** with respect to the First Amendment retaliation
9  claim and **GRANTED** with respect to all other claims.

10  *H. Respondeat Superior*

11  In part, Plaintiff brings his § 1983 claims against Defendant Hernandez under a respondeat
12  superior theory.  (Compl. at 8.)  The R&R notes respondeat superior liability does not exist under §
13  1983.  Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1976).  Thus, to state a claim against Hernandez,
14  Plaintiff must show Hernandez was personally involved in the constitutional violation, or a significant
15  causal connection between his wrongful conduct and the constitutional violations.  See Redman v.
16  County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991).  That causal connection may be supported
17  with allegations the supervisor "set in motion a series of acts by others, or knowingly refused to
18  terminate a series of acts by others, which he knew or reasonably should have known, would cause
19  others to inflict the injury."  Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (citations
20  omitted).

21  Plaintiff did allege Defendant Hernandez was directly involved in his constitutional violations
22  because he was a defendant in the Small Claims Court case and because he knew Plaintiff's rights
23  were being violated and did nothing to stop the violations.  In his objections, Plaintiff adds that
24  Hernandez approved Plaintiff's transfer out of Donovan. (Pl. Obj. at 17-18.)  These conclusory
25  statements are wholly unsupported by specific facts showing Defendant Hernandez not only knew of
26  the other officers' conduct, but knew that conduct was motivated by retaliatory or other unlawful
27  motives.  Although Plaintiff need not plead this claim with specificity under Rule 9, more than
28  formulaic statements are required.  Ashcroft v. Iqbal, 129 S.Ct. at 1949.  The  court therefore agrees

1  with the findings of the R&R.  Defendant Hernandez's motion to dismiss is **GRANTED**.

2  *I. Injunctive Relief*

3  In his Complaint, Plaintiff seeks an injunction ordering Defendants to transfer him back to
4  Mule Creek State Prison and to place him immediately in an industry job.  (Compl. at 12-13.)
5  Defendants moved to dismiss Plaintiff's request, arguing they do not have the authority to grant such
6  relief.³  In particular, Defendants claim all decisions regarding prisoner transfer and work detail are
7  handled by committee pursuant to CCR §§ 3040 and 3379.  (Defs.' Obj. at 11.)  Plaintiff asserts, in
8  conclusory fashion, that he "knows" Defendants are able to comply and urges the court to issue an
9  order to the Director of CDCR or the Warden of High Desert State Prison, neither of whom are named
10 parties in this case.  (Pl. Reply at 8.)  Plaintiff's arguments are unavailing.  Because the named
11 Defendants appear unable to comply with the injunction Plaintiff seeks, the court adopts the R&R's
12 conclusions.  Defendants' motion to dismiss is **GRANTED**.

13 //

14 **IV. Conclusion**

15 Based on the foregoing, the court hereby adopts the findings and recommendations of the
16 R&R.  The court therefore **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to
17 dismiss. In particular, the court **DENIES** Defendants' motion to dismiss Plaintiff's § 1983 claim for
18 violation of his First Amendment rights (including Defendants' motion to dismiss this claim on
19 qualified immunity grounds) and **GRANTS** the motion to dismiss as to all other claims. Accordingly,
20 Plaintiff's § 1983 claims for violation of his Eighth and Fourteenth Amendments, his claims against
21 Defendant Hernandez, and his claims for injunctive relief are **DISMISSED without prejudice** and
22 with leave to amend.  Plaintiff's claims for damages against Defendants in their official capacities are
23 **DISMISSED with prejudice**.

24 Plaintiff is granted leave to file a first amended complaint consistent with this order.  See
25 Lopez v. Smith, 203 F.3d 1122, 1128 (9th Cir. 2000) (dismissal of pro se complaint for failure to state
26 claim is proper only where obvious that amendment would be futile).  If Plaintiff wishes to file a first
27 amended complaint, he must do so by **September 28, 2009.**  If Plaintiff does not file an first amended

28

---

³ The R&R does not address this issue, so the court reviews it *de novo*.

1  complaint by that date, the case will proceed on his § 1983 retaliation claim and Defendants are
2  instructed to answer in accordance with the Federal Rules of Civil Procedure. The Clerk of Court is
3  instructed to close the case file.
4  **IT IS SO ORDERED.**
5  DATED: August 27, 2009

Hon. Jeffrey T. Miller
United States District Judge