1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| GREGORY LEE GRAY, | CASE NO. 08 CV 1147 JM (WVG) |
| Plaintiff, | **ORDER STAYING CASE** |
| vs. | Doc. No. 52 |
| ROBERT HERNANDEZ, et al., | |
| Defendants. | |

12
13
14
15
16

17        Plaintiff, a prisoner in state custody, filed this action under 42 U.S.C. § 1983 alleging violation

18   of his civil rights. (Doc. No. 1). Plaintiff, proceeding *in propria persona* and *in forma pauperis*,

19   moved the court to appoint counsel to represent him. (Doc. No. 43). The Magistrate Judge, acting

20   pursuant to Civil Local Rule 72.3, denied this motion. (Doc. No. 44). Plaintiff directly appealed this

21   ruling to the Ninth Circuit Court of Appeals by filing a notice of interlocutory appeal. (Doc. No. 49).

22   Defendants now move on an ex parte basis to stay the case pending resolution of the appeal by the

23   Ninth Circuit. (Doc. No. 52).

24        In general, the filing of a notice "confers jurisdiction on the court of appeals and divests the

25   district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident*

26   *Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The transfer of jurisdiction—rather than shared

27   jurisdiction—promotes judicial economy and prevents confusion. *Natural Res. Def. Council v. Sw.*

28   *Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2003).

1    Arguably, this court could maintain jurisdiction because Plaintiff appeals an ancillary aspect

2  of the case: whether to appoint counsel.  Whether Plaintiff has counsel need not affect the ultimate

3  determination of the case on the merits.

4    To avoid confusion and promote judicial economy, however, the court finds it appropriate to

5  stay the case pending resolution of Plaintiff's interlocutory appeal.  *See Natural Res. Def. Council*,

6  242 F.3d at 1166.  If the Ninth Circuit were to reverse the Magistrate Judge's decision, the parties

7  discovery efforts would most likely need to be supplemented or repeated after the appointment of

8  counsel.  A stay during the pendency of appeal eliminates that risk.

9    For the foregoing reasons, the court hereby STAYS the case pending resolution of Plaintiff's

10  interlocutory appeal.

11    **IT IS SO ORDERED.**

12  DATED:  December 10, 2009

13  _____

14  Hon. Jeffrey T. Miller
United States District Judge