1

2

3

4

5

6                        **UNITED STATES DISTRICT COURT**

7                       **SOUTHERN DISTRICT OF CALIFORNIA**

8

9   GREGORY LEE GRAY,                          Case No. 8-cv-1147-JM-WVG

            Plaintiff,                        **ORDER DENYING MOTION FOR**
10                                             **SUMMARY JUDGMENT**
        vs.
11                                             Docket No. 118
    ROBERT HERNANDEZ et al.,
12
            Defendants.
13

14          In June 2008, Plaintiff Gregory Lee Gray filed a complaint under 42 U.S.C. § 1983

15   against Defendants Sterling, Peterson, and Marrero arising from events that occurred at R.J.

16   Donovan Correctional Facility.  Several of the claims have been dismissed, and Defendants now

17   move for summary judgment on Plaintiff's First Amendment retaliation claim.  For the reasons

18   stated below, the motion is DENIED.[1]

19   **I. BACKGROUND**

20          Plaintiff's first amended complaint ("FAC") alleges that in January 2007, Plaintiff

21   filed a small claims suit against Defendant Marrero, Captain of Facility 3 Yard, and Defendants

22   Sterling and Peterson, employees of the prison library (the "librarians").  Thereafter, Plaintiff

23

24   _____

    [1]      While the Magistrate Judge filed a thorough report and recommendation  recommending the
25   motion be granted, the court declines to accept its conclusion.

                                          1

1   made a written settlement offer to the librarians informing them that they had been sued for

2   $1,666.20 for denying Plaintiff access to the law library.  The offer stated that Plaintiff was

3   "willing to Settle if you pay me the sum of $200 dollars, and 'no' Restitution is taken out of my

4   Account."  Defendants claim that they interpreted this as an extortion attempt and that they

5   feared for their safety, so they filed Rules Violation Reports ("RVRs") against Plaintiff.  Plaintiff

6   was charged with extortion and placed in Administrative Segregation ("Ad Seg") by Defendant

7   Marrero on June 18, 2007.  He was found not guilty of the extortion charge, and then released

8   from Ad Seg on August 22, 2007.  Plaintiff was transferred to Mule Creek State Prison in

9   October 2007, and shortly thereafter was transferred to High Desert State Prison.  Based on his

10  punishments, Plaintiff filed this lawsuit stating several causes of action.  Defendants now move

11  for summary judgment on Plaintiff's First Amendment retaliation claim, the only cause of action

12  that has survived Defendants' motions to dismiss.

13  **II.  LEGAL STANDARD AND DISCUSSION**

14  **A. Summary Judgment Standard**

15          When a party moves for summary judgment under Fed. R. Civ. P. 56(b), the motion

16  should only be granted if "under the governing law, there can be but one reasonable conclusion

17  as to the verdict." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  The court should

18  look to "whether the evidence presents a sufficient disagreement to require submission to a jury

19  or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

20  "Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a

21  summary judgment motion may properly be made in reliance solely on the pleadings,

22  depositions, answers to interrogatories, and admissions on file." Celotex Corp. v. Catrett, 477

23  U.S. 317, 323 (1986).  "To rebut the motion for summary judgment successfully, the plaintiffs

24  must point to some facts in the record that demonstrate a genuine issue of material fact and, with

25

1   all reasonable inferences made in the plaintiff's favor, could convince a reasonable jury to find

2   for the plaintiffs." Reese v. Jefferson School Dist. No. 14J, 208 F.3d 736, 738 (9th Cir. 2000).

3          At summary judgment, generally "a nonmoving party plaintiff has no obligation to

4   produce anything until the moving party defendant has carried its initial burden of production."

5   Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1107 (9th Cir.

6   2000). In many cases, the moving party has not sufficiently demonstrated the lack of a triable

7   issue, so no defense is required. Id. at 1105 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144,

8   161 (1970)). However, the moving party may also succeed by showing that the nonmoving party

9   does not have sufficient evidence to carry the ultimate burden of persuasion at trial. Nissan at

10  1106.

11  **B. Retaliation Claim**

12  1. The Five-Factor *Rhodes* Test

13         The parties agree that district courts must analyze five elements when addressing a First

14  Amendment retaliation claim, as explained in Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir.

15  2005). The Rhodes court stated that

16

17         [w]ithin the prison context, a viable claim of First Amendment retaliation entails
           five basic elements:  (1) An assertion that a state actor took some adverse action
           against an inmate; (2) because of (3) that prisoner's protected conduct, and that

18         such action (4) chilled the inmate's exercise of his First Amendment rights, and
           (5) the action did not reasonably advance a legitimate correctional goal.

19

20          In McCollum v. Cal. Dept. of Corrections & Rehabilitation, 647 F.3d 870, 882 (9th Cir.

21  2011), the court explained that "[t]o raise a triable issue as to motive, [a plaintiff seeking to

22  defeat summary judgment on a retaliation claim] must offer either direct evidence of retaliatory

23  motive or at least one of three general types of circumstantial evidence." (internal quotation

24  marks omitted). Circumstantial evidence of motive most often includes: (1) proximity in time

25  between the speech and the retaliation; (2) "that the defendant expressed opposition to the

1    speech;" or (3) other evidence calling into doubt the reasons defendants provide for taking the

2    adverse action. <u>Id</u>.

3    <u>a. Adverse Action</u>

4          Defendants argue that their actions cannot constitute adverse action because they were

5    merely complying with the law.  However, they cite no law in support of their theory that good

6    faith punishments cannot be adverse actions.  The Ninth Circuit has explained that even a threat

7    of retaliation can be an adverse action, since it could have a chilling effect on speech.  <u>Brodheim</u>

8    <u>v. Vry</u>, 584 F.3d 1262, 1270 (9th Cir. 2009).  <u>See</u> <u>also</u> <u>Hearn v. Arpaio</u>, 2007 WL 1381616 at *4

9    (D. Ariz. 2007) (unreported case) (finding that placement in administrative segregation was

10    adverse action even though it was in furtherance of a legitimate correctional goal).

11    <u>b. Because of the Prisoner's Protected Conduct/Advancement of Legitimate Correctional Goal</u>

12          Defendants claim that the "uncontroverted evidence" demonstrates that the librarians

13    filed the RVRs because of a perceived rules violation rather than because of any retaliatory

14    motive.  Similarly, Defendant Marrero states that he was required to place Plaintiff in Ad Seg

15    because of the charges against him.   Defendants urge that "[w]hen an obvious alternative

16    explanation for conduct is offered, the Court should adopt that explanation in place of a mere

17    inference of retaliation."  Def. SJ Mtn. at 6 (citing <u>Cafasso, U.S. ex rel. v. General Dynamics C4</u>

18    <u>Systems, Inc.</u>, 637 F.3d 1047, 1056 (9th Cir. 2011).

19          While Defendants have shown that the law compels filing of an RVR after a rules

20    violation and that the inmate should be placed in Ad Seg if he presents a security threat, the

21    existence of those rules does not establish Defendants' contention that they believed the

22    settlement offer was a rules violation and created a security threat.  Indeed, at the summary

23    judgment stage the court cannot say that the letter Plaintiff wrote would "obviously" cause the

24    librarians to feel concerned for their safety and file RVRs that persuaded Defendant Marrero to

25    place Plaintiff in Ad Seg for over two months.  Certainly retaliatory motive has not been

1    established, but it is for the trier of fact to determine whether such adverse action was motivated

2    by Plaintiff's protected conduct.

3          As noted previously, Defendants also contend that Plaintiff cannot avoid summary

4    judgment since their declarations as to their motive are "uncontroverted."  It is true here—as it is

5    with many legal claims that turn on an actor's motive—

6    that Plaintiff has not presented direct evidence tending to establish that Defendants took

7    disciplinary action with a retaliatory motive.  However, Defendants ignore Ninth Circuit law

8    establishing that circumstantial evidence can create an inference sufficient to defeat a motion for

9    summary judgment.  McCollum, 647 F.3d at 882.

10         Generally, plaintiffs in a retaliation suit can point to proximity in time as

11    circumstantial evidence of retaliatory motive.  This case differs from the typical suit because the

12    punishment was admittedly the result of action related to Plaintiff's protected First Amendment

13    activity.  Due to this fact, some inference of retaliatory motive is already present.  Thus, while

14    proximity of time could be used as circumstantial evidence here, it need not be relied upon in

15    order to raise the required inference.  Furthermore, Defendants' lack of support for their claims

16    of fearfulness could lead a factfinder to reasonably conclude that such alternative explanations

17    are pretextual.[2]

18         In sum, while it is true that Plaintiff has put forth no direct evidence to controvert

19    Defendants' declarations, the circumstantial evidence is strong enough to create a reasonable

20    disagreement as to whether Plaintiff's punishment was the result of retaliatory motives.

21

22

23

24    [2]    The analysis in this section also applies the final Rhodes factor, which examines whether
Defendants acted in an effort to advance a legitimate correctional goal.  While institutional security is a
25    legitimate correctional goal, Morrison v. Hall, 261 F.3d 896, 907 (9th Cir. 2001), the parties dispute
whether Plaintiff's punishment was a genuine attempt to advance that goal.

1    c. Chilling Effect

2         Defendants argue that Plaintiff's punishment caused no chilling effect, asserting that

3 his small claims suit was dismissed because of a failure to appear rather than because of any

4 punishment.   However, the court is not to look to the success of an individual case in order to

5 determine whether a chilling effect existed.   Instead, it must assess "whether an official's acts

6 would chill <u>or</u> silence a person of ordinary firmness from future First Amendment activities."

7 <u>Rhodes</u>, 408 F.3d at 568 (emphasis in original) (citations omitted).   Thus, while confinement in

8 Ad Seg may not prevent a prisoner from engaging in protected conduct, its punitive nature

9 clearly could create a chilling effect.  <u>See</u> <u>Hines v. Gomez</u>, 108 F.3d 265, 269 (finding that ten

10 day confinement and television loss was sufficient for retaliation claim).   While it is true that

11 Plaintiff has once again failed to present direct evidence of a chilling effect, Defendants'

12 arguments concerning Plaintiff's ability to file the small claims suit do not address the proper

13 standard—they focus on Plaintiff's actual filing of the lawsuit and its subsequent dismissal rather

14 than the question of whether two months of Ad Seg would discourage an ordinary person from

15 exercising his First Amendment rights.   Therefore, Defendants' motion fails to sufficiently

16 demonstrate the lack of a triable issue of fact, and Plaintiff need not present evidence in order to

17 survive summary judgment.  <u>See</u> <u>Nissan Fire</u>, 210 F.3d at 1105 (explaining that if a moving party

18 fails to negate essential element of claim, nonmoving party is not required to present evidence in

19 support of opposition).

20    2. Intent to Harm

21         Defendants also tack on a very short separate argument summarily asserting that in

22 order to succeed, Plaintiff must "show that [Defendants] acted intentionally to harm him."  Def.

23 SJ Mtn. at 10 (citing <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 848-49 (1998); <u>Toguchi v.</u>

24 <u>Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004)).   Defendants' objective in making this argument is

25 unclear.   In any event, they have failed to establish that if the court finds under <u>Rhodes</u> that

1  Defendants have taken an adverse action because of Plaintiff's protected conduct, Plaintiff must

2  make an additional showing of intentional harm.  To the extent that it is possible that Defendants

3  negligently or recklessly punished Plaintiff because of his engagement in protected conduct, the

4  court finds that there is a triable issue of fact as to whether their actions intentionally caused

5  harm.

6  3. Qualified Immunity

7        Alternatively, Defendants argue that they are protected by qualified immunity.  In

8  determining whether qualified immunity is available, the court should first decide whether a

9  constitutional right has been violated, and next look to whether the right was clearly established.

10  Inouye v. Kemna, 504 F.3d 705, 712 (9th Cir. 2007).  The answer to the second inquiry depends

11  on whether a reasonable official in Defendants' situation would understand that his actions

12  would violate a constitutional right.  Id.  The Ninth Circuit has held that prisoners cannot legally

13  be punished for exercise of their right to engage in federal civil rights litigation, and that "the

14  prohibition against retaliatory punishment is 'clearly established law' . . . for qualified immunity

15  purposes."  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (citations omitted).

16        As discussed above, Plaintiff's First Amendment right has been violated if his

17  allegations are true.  Defendants argue that even if a constitutional violation has been established,

18  qualified immunity nevertheless protects them because "Plaintiff has not shown under the

19  specific facts of this case that he had a 'clearly established' right to avoid the actions that were

20  taken in compliance with prison regulations, even if the charges against him were later found to

21  be mistaken."  Def. SJ Mtn. at 11.  Further, Defendants argue that Plaintiff has not shown that

22  "he had a 'clearly established' right to expect Defendants not to comply with their required

23  duties under the applicable law and regulations."  Id.  This argument fails because it assumes that

24  Defendants' declarations as to motive can be automatically taken as true.  If that were the case,

25  summary judgment would be appropriate under Rhodes and the qualified immunity inquiry

1 would be unnecessary.  Instead, there is a factual dispute over whether Plaintiff was punished

2 based on a rules violation or in retaliation for his small claims suit.

3       Defendants correctly state that there is no clearly established right to avoid legitimate

4 punishment.  However, the question is whether, assuming that the constitutional right has been

5 violated, it would have been clear to a reasonable prison official that his conduct was unlawful at

6 the time it occurred.  Defendants have once again failed to make any argument corresponding to

7 the proper standard:  whether it would have been clear to a reasonable prison official that

8 punishment motivated by retaliation for filing the lawsuit would be unlawful.  Here, it would

9 have been clear to Defendants that punishing Plaintiff in retaliation for filing his small claims

10 lawsuit would violate the law.  See Pratt, 65 F.3d at 806.

11 **III.  CONCLUSION**

12       Defendants have not successfully established the absence of a genuine issue of

13 material fact as to whether Plaintiff's punishment was motivated by retaliatory motive.

14 Similarly, Defendants cannot establish qualified immunity at the summary judgment stage—if

15 the facts occurred as alleged in the complaint, Defendants' actions clearly violated a

16 constitutional right.  The motion for summary judgment is DENIED.

17     **IT IS SO ORDERED.**

18 Dated:  April 12, 2012

19

20 Jeffrey T. Miller
    United States District Judge

21

22

23

24

25