MINUTES OF THE UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF CALIFORNIA

<u>GRAY</u>                       v.  <u>HERNANDEZ</u>                    No. <u>08-1147-JM(WVG)</u>

<u>HON. WILLIAM V. GALLO</u>    <u>CT. DEPUTY J. YAHL</u>           RPTR. _____

                                    Attorneys
       <u>Plaintiffs</u>                                        <u>Defendants</u>

A Settlement Conference will be held on <u>May 14, 2012</u>, at <u>2:00 PM</u> in the chambers of Hon. William V. Gallo

All parties or their representatives who have full authority to enter into a binding settlement, in addition to the attorneys participating in the litigation, shall be present at the conference.

Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.

"Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Intl., Inc.</u>, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. <u>Id.</u> at 486. A limited or a sum certain of authority is not adequate. <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).

Counsel for Defendants shall arrange to have Plaintiff participate by telephone in the Settlement Conference.

On or before <u>May 7, 2012</u>, Plaintiff and counsel for Defendants shall submit to the Court a Settlement Conference statement that indicates their positions regarding settlement.

DATED: April 18, 2012

                                                    _____
                                                    Hon. William V. Gallo
                                                    U.S. Magistrate Judge